<div align="center">

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION, JACKSON MISSISSIPPI

</div>



SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
NOV -3 2014
ARTHUR JOHNSTON
BY_____ DEPUTY

**BERNICE MALCOLM**

**PLAINTIFF,**

**CIVIL ACTION NO.:** 3:14cv853 DPJFKB

**VS.**

**VICKSBURG WARREN SCHOOL DISTRICT BOARD OF TRUSTEES, BRYAN PRATT, PRESIDENT, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, JAMES STIRGUS, JR., JOE LOVIZA, ALONZO STEVENS AND SALLY BULLARD, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE BOARD OF TRUSTEES, VICKSBURG WARREN SCHOOL DISTRICT, DR. ELIZABETH DURAN SWINFORD, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS SUPERINTENDENT OF SCHOOLS, PAULA JOHNSON, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS ASSISTANT SUPERINTENDENT, CHARLES "BUBBA" HANKS, INDIVIDUALLY IN HIS OFFICIAL CAPACITY AS ADMINISTRATIVE ASSISTANT TO THE SUPERINTENDENT OF SCHOOLS, DR. JOHN E. WALLS, JR., INDIVIDUALLY IN HIS OFFICIAL CAPACITY AS ADMINISTRATIVE ASSISTANT TO THE SUPERINTENDENT OF SCHOOLS;EDDIE L. DEFENDANT SPANN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DIRECTOR OF SPECIAL EDUCATION, HEIDI R. DEFENDANT CHAUSSÈ, INDIVIDUALLY AND IN HER OFFICAL CAPACITY AS ASSISTANT DIRECTOR OF SPECIAL EDUCATION;**

**DEFENDANTS**

<div align="center">

**<u>JURY TRIAL REQUESTED</u>**

**<u>COMPLAINT</u>**

</div>

**COMES NOW** the Plaintiff, **BERNICE MALCOLM**, (hereinafter "***Plaintiff Malcolm***"

or "***Plaintiff***"), by and through counsel, and files this, her "***Complaint***," against the

<div align="center">

1

</div>

Defendants, **VICKSBURG WARREN SCHOOL DISTRICT**, **VICKSBURG WARREN SCHOOL DISTRICT BOARD OF TRUSTEES**, **DR. ELIZABETH DURAN SWINFORD**, Individually and in her official capacity as Superintendent of Schools, **PAULA JOHNSON**, Individually and in her official capacity as Assistant Superintendent of Schools, **CHARLES "BUBBA" HANKS**, Individually and in his official capacity Administrative Assistant to the Superintendent of Schools, **DR. JOHN E.WALLS, JR.,** Individually and in his official capacity as Administrative Assistant to the Superintendent of Schools, **EDDIE L. DEFENDANT SPANN**, Individually and in his official capacity as Director of Special Education, **HEIDI R. CHAUSSE**, Individually and in her official capacity as Assistant Director of Special Education, and **JOHN DOE** (1-10), (hereinafter sometimes referred to as "*Defendant, VWSD*" or "*Defendants*"), for this, to-wit:

     1.     Plaintiff Malcolm charges that this is an action for declaratory relief and damages to redress deprivations as a result of discrimination, retaliation, and termination of her employment as Central Office Special Education Secondary Instructional Specialist within the Defendant, VWSD, in violation of Title VII of the Civil Rights Act of 1964, as amended (sometimes referred to as "Title VII") and 42 U.S.C. § 1981, as amended (sometimes referred to as "Section 1981); and in violation of her procedural and substantive due process rights under the Fourteenth Amendment of the U.S. Constitution; breach of contract; and, *inter alia*, for the acts and conduct of the individual defendants named herein pursuant to *42 U.S.C. Section 1983* as set forth herein in her Complaint.

     2.     Plaintiff Malcolm alleges that the Defendant, VWSD has also engaged in a

pattern and practice of race, discrimination based on sex/gender, and age discrimination in violation of the Age Discrimination in Employment Act of 1967, as amended (sometimes referred to as the "ADEA").

3.     Plaintiff Malcolm further makes claim that she was subjected to a hostile work, retaliation and reprisal in violation of Title VII and the ADEA by the Defendant, VWSD as set forth herein; and the actions of the Defendants named herein at all material times was under **"color of law"** giving rise to a claim under 42 U.S.C. Section 1983.

4.     Plaintiff Malcolm further alleges that the individual Defendants named herein unlawfully colluded and conspired for the purposes of depriving Plaintiff Malcolm of the equal protection of the laws, or equal privileges and immunities under the laws; that the individual Defendants named herein committed acts and engaged in conduct of intentional discrimination and that those acts were motivated by a class based, sex and discriminatory animus-African American/Black female and within the protected group of the ADEA; and that as a result of such continuing acts and conduct, Plaintiff Malcolm has suffered injury, damage and loss as espoused in ***Wong v. Stripling***, 881 F. 2d 200, 202-03 (5th Cir., 1989), 42 U.S.C. §1985.

5.     Plaintiff Malcolm further charges Defendant, VWSD with unlawful employment practices on the basis of racial discrimination in violation of 42 U.S.C. § 2000e, Title VII of the Civil Rights Act of 1964, as amended (hereinafter "Title VII"); and 42 U.S.C. §1981, the Civil Rights Act of 1991, as amended (hereinafter "Section 1981"); and age discrimination in violation of the Age Discrimination and Employment Act of 1967, as amended (hereinafter "ADEA").

6.     Plaintiff Malcolm further alleges that the individual Defendants named herein ***intentionally and deliberately with depraved indifference*** subjected her to an intolerable and hostile working environment and formed a coalition charged work environment against her to

force her to involuntarily resign to force a constructive discharge by committing acts and engaging in conduct that was motivated by discrimination based on her race and sex by *"maliciously falsely" accusing her of accusing her African American/Black younger male supervisor, Eddie Defendant Spann of sexual harassment*. Plaintiff Malcolm was **discharged** in a manner that created a *false and defamatory impression about her as a woman* and thus *"stigmatizes"* her and to intentionally cause damage to her professional reputation, good moral character and standing as a woman.

7.     Plaintiff Malcolm was subjected to discrimination that resulted in her *Charge of Discrimination* filed with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about *March 4, 2013*, **EEOC Charge *No: 846-2013-23561*** regarding discrimination based on her race, age and retaliation for complaining of and opposing unlawful employment practices.

8.     Plaintiff Malcolm was subjected to discrimination that resulted in her *Charge of Discrimination and Retaliation* filed with EEOC on or about *June 4, 2013*, *EEOC Charge No: 423-2013-01564* regarding discrimination based on race, age, sex-plus, sex and retaliation.

9.     Plaintiff Malcolm was subjected to *discrimination and retaliation* in violation of Title VII after participating in the Defendant, VWSD's *"internal investigation"* where she alleged that her male supervisor, Defendant Eddie L. Spann, Director of Special Education was harassing her.   After reporting the matter to Defendant Johnson in October 2012, Defendant Johnson told Plaintiff Malcolm that whether Defendant Spann had harassed her was for the Defendant, VWSD to decide after investigation.

10.     Plaintiff Malcolm was *non-renewed* by the Defendant, VWSD in February 2013 by recommendation of Defendant Heidi Chaussè, Assistant Director of Special Education on or about February 4, 2013; and Dr. Elizabeth Duran Swinford, Superintendent of Schools accepted

4

Defendant Chaussè's recommendation of non-renewal on or about February 5, 2013; and acted in within the scope of her duties, accepting the non-renewal recommendation on behalf of the Defendant, VWSD Board of Trustees.

11.     That decision was later ratified and affirmed by the Defendant, VWSD Board of Trustees by and through its authorized agent; and acting within the scope of her duties, Defendant Swinford on or about February 5, 2013. The Defendant, VWSD Board of Trustees also confirmed by and through their agent Defendant Swinford; and also denied Plaintiff Malcolm's request for a hearing.

12. Plaintiff Malcolm would also show that the Defendant, VWSD failed to follow the guidelines, statutes and/or laws of the State of Mississippi for the renewal of Plaintiff Malcolm employment for the 2013-2014 school years. The Defendant, VWSD denied Plaintiff Malcolm's numerous requests, e.g., February 4, 5, 12, 2013, for a hearing as pursuant to Mississippi Education Employment Procedures Law ("EEPL"), Mississippi Code Annotated section 37-9-105(a) (Rev. 2012). The Defendant, VWSD further "*failed and refused*" to inform Plaintiff Malcolm as to the reason for the non-renewal of her employment of the 2013-2014 school years; and told her that the Defendant did not have to give her any reason because she had not been employed with the Defendant for a year as incorporated and set forth herein.

13.     Plaintiff Malcolm would further show that the Defendant, VWSD *forced her out of her employment and forced her to involuntarily resign* her position for the 2012-2013 school years on or about April 22, 2013 *by purposely, deliberately, and intentionally creating and subjecting her to an intolerable hostile work environment, including falsely accusing her of accusing Defendant Spann of sexual harassment*.

14. Plaintiff Malcolm would show that she was forced to involuntarily resign her

employment on or about April 22, 2013 as set forth herein and incorporated throughout. The

Defendant, VWSD Board of Trustees voted unanimously on or about April 28, 2013 to

terminated Plaintiff Malcolm's employment for the remainder of the 2012-2013 school years.

Plaintiff Malcolm's employment had already been non-renewed for the 2013-2014 school years.

15.    Plaintiff Malcolm would further show that the Defendant, VWSD *retaliated*

against her *after* she "*participated*" in the Defendant, VWSD internal investigation and

continued to retaliated against her *after* she filed an initial *Charge of Discrimination, EEOC*

*Charge No: 846-2013-23561* against the Defendant, VWSD on or about March 4, 2013; and that

the retaliation continued *after* she filed a second *Charge of Discrimination* against the

Defendant, VWSD on or about June 4, 2013, *EEOC Charge No: 423-2013-01564*.

16.    Plaintiff Malcolm would further show that the Defendant, VWSD *retaliated*

against Plaintiff Malcolm after engaging in a protective activity; and after filing of a *Charge of*

*Discrimination, EEOC Charge No: 423-2013-01564*, by making *false claims* in *July 2013*; and

*after* Plaintiff Malcolm's employment by stating that the reasons Plaintiff Malcolm's

employment was non-renewed for the 2013-2014 school years were because (1) she did not

properly comply with the school district's policy regarding sick leave; and (2) she exhibited

issues with taking instructions from district management.

17.    Plaintiff Malcolm would further show that the Defendant, VWSD violated her due

process and equal protection rights by denying her a reason for non-renewal of her employment

for the 2013-2014 school years; and that she was unlawfully denied her rights to a due process

hearing prior to being removed from her position as Central Office Special Education Secondary

Instructional Specialist as set forth herein.

18.    Plaintiff Malcolm would further show that the Defendant, VWSD breached her

employment contract; and subjected her to an intolerable and hostile work environment and formed a coalition charged work environment against her to force her to involuntarily resign as set forth herein.

19.     At the time of the March 2013 and June 2013 **Charges of Discrimination** the VWSD Board of Trustees for the Defendant, VWSD consisted of Defendants Bryan Pratt, James Stirgus, Jr., Joe Loviza, Alonzo Stevens, and Sally Bullard.

20.     Plaintiff Malcolm further makes claim that the actions of the individual Defendants named herein, **Bryan Pratt, James Stirgus, Jr., Joe Loviza, Alonzo Stevens, and Sally Bullard, Dr. Elizabeth Duran Swinford, Paula Johnson, Charles Hanks, Dr. John Walls, Jr., Eddie Spann, Heidi Chaussè and John Doe (1-10)** as set forth herein were under "**color of law**" giving rise to a claim under *42 U.S.C. Section 1983*.

21.     Plaintiff Malcolm further charges Defendant, VWSD with unlawful employment practices on the basis of her race, sex and retaliation in violation of *42 U.S.C. § 2000e*, Title VII.

22.     Plaintiff Malcolm would show that she received her "**Dismissal and Notice of Rights To Sue**" from the EEOC; and that she has exhausted all administrative remedies and complied with all of the judicial prerequisites necessary for the filing of this action; and she has done so in a timely manner as provided by law.

23.     Plaintiff Malcolm further claims that she is filing suit against the individual Defendants named herein in their **official capacity** and **personal capacity** seeking to impose personal liability upon the named individual defendants for their actions taken "**under color**" of state law.

24.     Defendants' intent was to deprive Plaintiff Malcolm of equal protection, or equal

privileges and immunities, and there was invidiously discriminatory animus behind the actions of the Defendant, VWSD, et al.

25.    Plaintiff Malcolm would show that the acts and conduct of the Defendants individually named herein were engaged in with the aim and intent at a deprivation of the equal enjoyment of rights secured by the law to all. *42 U.S.C Section 1983;* and see also: *Ellis v. Miss.Dep't of Health, 2008 U.S. Dist. LEXIS 37951 (N.D. Miss. May 8, 2008)*; and *Hafer v. Melo, 502 U.S. 21 (1991); and* Griffin v. Breckenridge, 403 U.S. 88 (1971).

26.    Plaintiff Malcolm, also claims that actions have been taken against her by the individual Defendants named herein where engaged in with such ***deliberate indifference*** to her rights as an employee of the Defendant, VWSD; and that she has been subjected to, *inter alia,* deprivation of her life, liberty and property for having pursued civil claims arising from her employment with the Defendant, VWSD.

27.    As a result, Plaintiff Malcolm seeks any and all relief afforded to her pursuant to ***42 U.S.C Section 1983*** for violation of due process (both procedural and substantive), Fourth and Fourteenth Amendments and Equal Protection Clause violations; and as an ***independent*** cause of action against the individual Defendants, ***Pratt, Stirgus, Jr., Loviza, Stevens and Bullard, as well as, Swinford, Johnson, Hanks, Walls, Jr., Spann; Chaussè and John Doe (1-10)*** named herein. *Upchurch v. City of Moss Point, 2011 U.S. Dist. LEXIS 124116 (S.D. Miss. Oct. 26,2011); and See also: Felton v. Polles, 315 F. 3d 470, 481-82 (5th Cir. 2002).*

28.    Plaintiff Malcolm seeks any and all remedies available to her in equity at and law against Defendant, VWSD and in particular for the retaliation that she was subjected to for having participating in the Defendant, VWSDs' internal investigation and for having filed her charges of discrimination against the Defendant, VWSD. Federal law clearly ***prohibits***

retaliation against employees who participate in an employer's internal investigation; and against employees that bring discrimination claims. Title VII, *42 U.S.C. Section 2000e-3 (a) 2006; as espoused in Burlington Northern and Santa Fe Railway Co. v. White, 126 S.Ct. 2405 (2006), Crawford v. Metro. Gov't of Nashville & Davidson* Cty., 129 S. Ct. 846 (2009).

29.     Plaintiff Malcolm further alleges that she was denied equal protection as the individual state actors (Defendants named herein) **intentionally discriminated** against her and treated her differently from others similarly situated and there is no rational basis for the difference in treatment. *Village v. Willowbrook v. Oleck, 528 U.S. 562, 664 (2000).*

30.     Plaintiff Malcolm further charges that she had a constitutionally protected liberty interest (**or deprivation of liberty claim**) and that in the case, *sub judice*, Plaintiff Malcolm was **discharged** in a manner that created a false and defamatory impression about her and thus"**stigmatizes**" her and has foreclosed her from other employment opportunities. Plaintiff Malcolm has been unable to find **comparable employment** due to her non-renewal and resulting injury and damage to her reputation. *White v. Thomas, 660 F. 2d 680, 684 (5th Cir. 1981).*

31.     Plaintiff Malcolm further claims that she had a property interest/right in her employment and that the Defendant, VWSD's termination of that interest was **arbitrary and capricious**. *Moulton v. City of Beaumont, 991 F.2d 227, 230 (5th Cir. 1993).* The Due Process Clause of the Fourteenth Amendment provides that no State "shall deprive any person of life, liberty, or property, without due process of law." *U.S. Const. Amend. XIV, Section 1. Defendant Johnsonv.Rodriquez, 110 F. 3d 299, 308 (5th Cir. 1997).*

32.     Plaintiff Malcolm is currently unemployed and is continuing to seek employment

in her field. Plaintiff Malcolm's efforts to find an ***Administrative/Licensed Employee*** position like she had at Defendant, VWSD has been to no avail.

## JURISDICTION AND VENUE

33.     The actions complained of in Plaintiff Malcolm's Complaint occurred in the State of Mississippi, County of Warren, Vicksburg, Mississippi, while Plaintiff Malcolm resided at The Landing, 501 Fairway Drive, Apt. #8, Vicksburg, MS 39183; and while she was employed within the Defendant, VWSD employment as a Central Office Special Education Secondary Instructional Specialist.

34.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2201 and 42 U.S.C. § 1981, as amended; and 29 U.S.C. Section 621, *et. seq.* for violation of the ADEA. Plaintiff's claims for declaratory relief arise under 28 U.S.C. §§ 2201 and 2202. Plaintiff Malcolm's claims further arise, *inter alia*, under the Fifth and Fourteenth Amendments of the United States Constitution; and *42 U.S.C. Section 1983[42 U.S.C. Section 1981];* and 42 U.S.C. Section 1985.

35.  Venue is proper pursuant to 28 U.S.C. § 1391 (b). A substantial part of the events or omissions giving rise to these claims or acts complained of by Plaintiff Malcolm occurred in the County of Warren, Vicksburg, Mississippi; and under the jurisdiction of this Court.

## PARTIES

36.     Plaintiff, **BERNICE CURRY-MALCOLM** ("**MALCOLM**" or "**PLAINTIFF MALCOLM**"), is a fifty-six years old African American/Black female adult resident citizen of West Henrietta, New York, residing at 6 Gingerwood Way, West Henrietta, New York 14586. The actions complained of occurred in Warren County, Vicksburg, Mississippi.

37.     Defendant, **VICKSBURG WARREN CHOOL DISTRICT** ("*VWSD*") is a public school district and at all relevant times herein mentioned, has continuously been and is now an employer in the City of Vicksburg, State of Mississippi and is engaged in the industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C., Section 2000e-(b), (g) and (h); and that Defendant, VWSD, at all relevant times herein mentioned, has continuously been and is now an employer within the meaning of Title VII and may be served with process of this Court by delivering a copy of this "*Complaint*" and "*Summons*" to Chad Shealy current Superintendent of Schools, Vicksburg Warren School District, 1500 Mission 66, Vicksburg, Mississippi 39180; Telephone 601-638-5122.

38.     Defendant, **BRYAN PRATT (PRATT)**, is an adult resident citizen of Warren County, Mississippi and may be served with process at his place of employment with the Vicksburg Warren School District, 1500 Mission 66, Vicksburg, Mississippi; Telephone 601-638-5122. Defendant Pratt is currently a member of the Board of Trustees for the VWSD and serving in the capacity of President of the Board.

39.     Defendant, **JAMES STIRGUS, JR**. (**STIRGUS**), is an adult resident citizen of Warren County, Mississippi and may be served with process at his place of employment with the Vicksburg Warren School District, 1500 Mission 66, Vicksburg, Mississippi; Telephone 601-638-5122. Defendant Stirgus, Jr., is currently a member of the Board of Trustees for the VWSD and serving in the capacity of Vice-President of the Board.

40.     Defendant, **JOE LOVIZA ("LOVIZA")**, is an adult resident citizen of Warren County, Mississippi and may be served with process at his place of employment with the Vicksburg Warren School District, 1500 Mission 66, Vicksburg, Mississippi; Telephone 601-

638-5122. Defendant Loviza is currently a member of the Board of Trustees for the VWSD and serving in the capacity of Secretary of the Board.

41.     Defendant, **ALONOZO STEVENS (STEVENS")**, is an adult resident citizen of Warren County, Mississippi and may be served with process at his place of employment with the Vicksburg Warren School District, 1500 Mission 66, Vicksburg, Mississippi; Telephone 601-638-5122. Defendant Stevens is currently a member of the Board of Trustees for the VWSD and serving in the capacity of Member of the Board.

42.     Defendant, **SALLY BULLARD ("BULLARD")**, is an adult resident citizen of Warren County, Mississippi and may be served with process at her place of employment with the Vicksburg Warren School District, 1500 Mission 66, Vicksburg, Mississippi; Telephone 601-638-5122. Defendant Bullard is currently a member of the Board of Trustees for the VWSD and serving in the capacity of Secretary of the Board.

43.     Defendant, **DR. ELIZABETH DURAN SWINFORD ("DR. SWINFORD")**, is an adult resident citizen of Tuscaloosa County, Tuscaloosa, Alabama and at all material and relevant times was the Superintendent of Schools of the Defendant, VWSD and may be served with process at her now place of employment with the Tuscaloosa County School System, 1118 Greensboro Avenue Tuscaloosa, AL 35401; Telephone (205) 758-0411. Defendant Dr. Swinford is currently employed with the Tuscaloosa County School System and serving in the capacity of Superintendent of Schools.

44.     Defendant, **PAULA DEFENDANT JOHNSON("JOHNSON")**, is an adult resident citizen of Warren County, Mississippi and may be served with process at her place of employment with the Vicksburg Warren School District, 1500 Mission 66, Vicksburg, Mississippi; Telephone 601-638-5122. Defendant Johnson is currently employed with the

12

Defendant, VWSD and serving in the capacity of Assistant Superintendent of Curriculum for Instruction.

45.     Defendant, **HEIDI DEFENDANT CHAUSSÈ ("DEFENDANT CHAUSSÈ")**, is an adult resident citizen of Warren County, Mississippi and may be served with process at her place of employment with the Vicksburg Warren School District, 689 Highway 27 South Vicksburg MS 39180 and/or 1500 Mission 66, Vicksburg, Mississippi; Telephone 601-636-4371 and/or 601-638-5122. Defendant Chaussè is currently employed with the Defendant, VWSD and at all material and relevant times; and serving in the capacity of Assistant Director of Special Education.

46.     Defendant, **CHARLES "BUBBA" HANKS** ("HANKS"), is an adult resident citizen of Warren County, Vicksburg, MS and at all material and relevant times was the Assistant to the Superintendent of the Defendant, VWSD and may be served with process at his place of employment with the Vicksburg Warren School District, 1500 Mission 66, Vicksburg, Mississippi; Telephone 601-638-5122. Defendant Hanks is currently employed with the Defendant, VWSD and serving in the capacity of part-time Administrative Assistant to the Superintendent of Schools.

47.     Defendant, **DR. JOHN E. WALLS, JR., ("DR. WALLS")**, is an adult resident citizen of Warren County, Vicksburg, MS and at all material and relevant times was the Assistant to the Superintendent of the Defendant, VWSD and may be served with process at his place of employment with the Vicksburg Warren School District, 1500 Mission 66, Vicksburg, Mississippi; Telephone 601-638-5122. Defendant Dr. Walls is currently employed with the Defendant, VWSD and serving in the capacity of part-time Administrative Assistant to the Superintendent of Schools.

13

48.    Defendant, **EDDIE L. DEFENDANT SPANN ("DEFENDANT SPANN")**, is an adult resident citizen of Hinds County, Clinton, MS and at all material and relevant times was the Director of Special Education of the Defendant, VWSD and may be served with process at his employment as OWNER of New Revelation Educational Consulting, LLC and/or his residential address located at 146 Choctaw Bend, Clinton, MS 39056; Telephone 601-924-1267. Defendant Spann is currently self-employed with the New Revelation Educational Consulting, LLC and serving in the capacity of Owner.

49.    Plaintiff Malcolm would show that the Defendant, VWSD's actions were reckless, deliberate, horrific and malicious with *depraved indifference* to Plaintiff Malcolm's marital status and sex as a woman

50.    Plaintiff Malcolm believes and alleges that the VSWD Defendant conducted a *"sham"* internal investigation with the sole purpose of accusing Defendant Spann of sexual harassment by "*willingly, knowingly and wantonly falsely*" accusing Plaintiff Malcolm of accusing Defendant Spann of sexual harassment. Plaintiff Malcolm would should that the Defendant, VWSD actions and conduct was motivated by Plaintiff Malcolm's race, African American/Black; age over forty years; marital status, married; and sex as an African American/Black woman; and retaliator after Plaintiff Malcolm engaged in a protective activity by participating in the Defendant, VWSD internal investigation in regard to Defendant Spann's misconduct and inappropriate harassing behavior towards her.

51.    Plaintiff Malcolm would further show that Defendant, VWSD's actions, in the non-renewal of Plaintiff Malcolm was retaliatory and discriminatory; and constituted a substantive and procedural denial of due process and the actions of the Defendant, VWSD and Defendants Pratt, Stirgus, Jr., Stevens, Loviza and Bullard, as well as Swinford, Johnson, Hanks,

14

Walls, Spann and Chaussè were *completely tainted with illegal intent* and that the Defendant, VWSD decision to non-renew her employment showed a *deliberate indifference* to known consequences of protected rights of Plaintiff Malcolm.

52.     Plaintiff Malcolm would show that the Defendant, VWSD through its officials engaged in acts that showed a *deliberate and depraved indifference* to the federally protected right of Plaintiff Malcolm and that Plaintiff Malcolm invokes that protection to seek redress for the *flagrant* violations of her federally protected rights and her due process rights under the Education Employment Procedures Law ("EEPL") of the State of Mississippi as set forth herein in her *Complaint*. See: *Doe v. Taylor Indep. Sch. Dist., 15 F. 3d 443, 453-454 (5th Cir. 1994)*; and *Lofton v. City of W.Point, 2012 U.S. Dist. LEXIS 47537 (N.D. Apr. 4, 2012)*.

## INTRODUCTION

53.     Plaintiff Malcolm was the *Central Office Special Education Secondary Instructional Specialist* within the Vicksburg Warren School District for the 2011-2012 school years.  After completion of a success year, Plaintiff Malcolm employment was renewed for the following 2012-2013 school years. Plaintiff Malcolm had a contract of employment with the Defendant, VWSD at all material times mentioned herein and she was *Central Office Special Education Secondary Instructional Specialist* within the Vicksburg Warren School District. Plaintiff Malcolm was not an "*at-will employee*" within the Defendant, VWSD, but a contract employee.

54.     Plaintiff Malcolm was *the Central Office Special Education Secondary Instructional Specialist* for the district's special education program and five (5) secondary schools: Vicksburg Junior High School, Vicksburg High School, Warren Central Junior High School, Warren Central High School and Grove Street Alternative High School. Plaintiff

Malcolm was also assigned duties to assist in other areas as well as with the Elementary and Intermediated Schools within VWSD.

55. Plaintiff Malcolm also served as a member of the District-Wide Disciplinary Review Committee as well as the District-Wide Leadership Committee for Special Education and Curriculum for Instruction, but not limited to.

56. Plaintiff Malcolm would show that at the time of her hiring, the VWSD Defendant did not have instructional specialists in the special education department at the district level. Plaintiff Malcolm performed her duties to the best of her abilities and/or as Plaintiff Malcolm was allowed or permitted to by higher level administration, including Defendants Spann, Chaussè, Johnson and Swinford.

57. Plaintiff Malcolm would show that five (5) members of the Board of Trustees voted to terminate her employment on or about April 28, 2013; and terminated her employment for the 2012-2013 school years full well knowing that their actions were unlawful and illegal.

58. Plaintiff Malcolm would show that the Defendant, VWSD authorized Defendant Swinford to non-renew her employment for the 2013-2014 school years and denied her a hearing full well knowing that their actions were unlawful and illegal. Plaintiff Malcolm will show that the Defendant, VWSD Board of Trustees further refused to meet with her; and allowed Defendant Swinford to ***make the decisions and call the shots*** for the Board of Trustee and the Defendant, VWSD.

59. Plaintiff Malcolm would show that Defendant Johnson's false accusation to ***falsely*** accuse Plaintiff Malcolm of accusing Defendant Spann of sexual harassment was a proximate result; and caused irreversibly biased and prejudiced against her; and that the

Defendant, VWSD Board of Trustees failed to grant Plaintiff Malcolm a hearing; and affirmed the nonrenewal of her employment for the 2013-2014 by and through Defendant Swinford.

60.     Defendant, VWSD, et al deprived Plaintiff Malcolm of procedural and substantive due process; and violated the Equal Protection Clause in that Plaintiff Malcolm was treated differently that others similarly situated because of her participation in the Defendant, VWSD internal investigation and her filing a *Charge* against the Defendant, VWSD. Plaintiff Malcolm was the only curriculum/instructional licensed employee of the VWSD's special education department and central office that employment was non-renewed.

61.     Plaintiff Malcolm would show that she was the only central office special education licensed instructional/curriculum specialist and/or licensed employee that the Defendant, VWSD made Defendant Chaussè to be her immediate and direct supervisor of as of February 4, 2013; and the same date of the nonrenewal of Plaintiff Malcolm's employment.

62.     Plaintiff Malcolm alleges that this was not done in good faith and/or as a corrective measure to protect her from any further harassment and/or discrimination, but as a means of disparaging her reputation and demeaning, degrading and belittling her as a woman who had been alleged by the Defendant, VWSD's Defendant Johnson of accusing Defendant Spann of sexual harassment; and to cover up the Defendant, VWSD discriminatory and retaliatory intentions against Plaintiff Malcolm.

63.     Plaintiff Malcolm would show that on the same day for nonrenewal of employment (February 4, 2013); and ***after*** more than a year in employment with the Defendant, VWSD that the VSWD Defendant, its directors, managers, supervisors, employees, officers and/or agents acting within the scope of their duties ***contacted two former employers***. ***Specifically***, on or about February 4, 2013l and the same day of the Defendant, VWSD non-

renewed Plaintiff Malcolm's employment; Zena Keen ("Keen"), Director of Human Resources at the direction of Defendant Johnson contacted the Yazoo City Municipal School District in Mississippi and spoke with Jennifer Boles ("Boles"), Administrative Assistant to the Director of Human Resources and Honeoye Falls-Lima Central School District in New, York *seeking whether Plaintiff Malcolm's employment contract with them had been (1) non-renewed; (2) terminated; and (3) was Plaintiff Malcolm eligible for rehire.*

64.     The Defendant, VWSD replaced Plaintiff Malcolm as the Central Office Special Education Secondary Instructional Specialist for the 2013-2014 school years with a younger Caucasian female, **Misty Owens ("Owens")**, around age thirty-two (32) and outside the protective group of the ADEA.

65.     At all material times and at the time of this unofficial replacement in March 2013, **Owens** was currently an employee who worked for the Defendant, VWSD in the special education office with Plaintiff Malcolm; and as a support person for data collection for the Behavior Specialists and homebound. Defendants Spann and Chaussè had already hand-picked Owens for Plaintiff Malcolm's position; and had ***unofficially placed*** her in the position as of March 2013 and demoted Plaintiff Malcolm. Owens was less qualified than Plaintiff Malcolm was. The Defendant, VWSD advertised for the position on or about May 28, 2013.

66.     On or about August 29, 2013, at the recommendation of then Interim Special Education Director Heidi Chaussè, the Defendant, VWSD "***officially***" replaced Plaintiff Malcolm with Owens.

67.     The Defendant, VWSD have an unlawful pattern, practice and custom of unlawful employment practices in which district administration handpicks certain employees within the district for certain district positions and then ***advertise the position for mere***

18

*appearance only* and to *circumvent* the position requirements under the law; and then

*afterwards* place the same person that the Defendant, VWSD administration had already

handpicked in those positions, e.g., the three (3) currently 2014 staffed positions of Principal for

Grove Street Alternative School, Career and Technical Education Administrator and Special

Projects Coordinator; as well as the August 2013 staffing of Owens for Central Office Special

Education Secondary Instructional Specialist, who was handpicked by Defendants Spann and

Chaussè prior to Plaintiff Malcolm's unlawful termination.

    68.    Plaintiff Malcolm would further show while employed with the Defendant,

VWSD that the Defendant, VWSD discriminated against her based on age by hiring and/or

transferring two younger African American/Black males, ages in their *thirties*, and outside the

protective group of the ADEA to the positions of Assistant Principal in 2012.

    These two individuals were Paul Fowler ("Fowler") and Harrison Michael ("Michael"),

who were both younger African America/Black males in their thirties; and less qualified than

Plaintiff Malcolm was. Plaintiff Malcolm will show that Fowler had been only working for the

Defendant, VWSD for less than two months as a fifth grade ELA teacher and came from South

Delta School District in Rolling Fork, Mississippi as a teacher; and that she was qualified for the

position of Assistant Principal and had worked with the Defendant, VWSD longer than Fowler

had.

    69.    Plaintiff Malcolm would show that she was also more qualified than Michael and

had also worked for the Defendant, VWSD longer than he had; and that the Defendant, VWSD

refused to allow her the opportunity to interview for the position after contacted to interview.

Plaintiff Malcolm will show that on August 24, 2012, that she was contacted by Barbara Johnson

("B. Johnson"), Lead Teacher at Vicksburg High School to interview for the position of

Assistant Principal; and that subsequent to, B. Johnson contacted her and told her that *"she was just following directives and was told to call you to let you know that you did not need to interview for the position"*. The Defendant, VWSD gave the Assistant Principal position to Michael.

70.     Plaintiff Malcolm would show that the Defendant, VWSD's Defendants Dr. Swinford, Johnson and Spann were all at odds with each other prior to her commencement of employment; and that Defendants Swinford and Johnson had been trying to force Defendant Spann to resign and/or non-renew his employment prior to Plaintiff Malcolm becoming employed with the Defendant, VWSD.

71.     Plaintiff Malcolm would show that the Defendant, VWSD Defendant Johnson accused Defendant Spann of *"insubordination"* in April 2012 and placed him on paid administrative leave for ten (10) days; and that the Board of Trustees reduced the punishment from ten (10) days to three (3) days with pay.  Subsequently, Defendant Spann was *afforded* a hearing pursuant to MS Education Law; the punishment was reduced to three (3) days; and the Defendant, VWSD agreed that nothing would be placed in his personnel file. *Defendant Spann would also file an EEOC Charge of Discrimination against the Defendant*, VWSD on or about March 11, 2013 based on race, sex and retaliation.

72.     Plaintiff Malcolm would show that the Defendant, VWSD's Defendant Johnson acting in the scope of her duties as a supervisor and Assistant Superintendent falsely accused Plaintiff Malcolm of accusing Defendant Spann of sexual harassment in Defendant, VWSD's quest to non-renew her employment for the 2013-2014 school years; and after participation in the Defendant, VWSD internal investigation against Defendant Spann; and to force her out of employment for the 2012-2013 school years.

73.     Plaintiff Malcolm would show that she did not at any time accuse Defendant

Spann of sexual harassment, but that Defendant Spann operating within the scope of his duties as

Special Education Director and as her immediate and direct supervisor did harass her and exhibit

inappropriate professional misconduct towards her by abusing his power based on her sex; and

retaliating against her for complaining of his abuse of power and professional harassment

towards her based on her race and sex; and participating in the internal investigation.

74.     Plaintiff Malcolm would show that Defendant Johnson also operating within the

scope of her duties as her supervisor and Assistant Superintendent abused her power and used

her protected class and sex and marital status as an African American/Black female to falsely

accuse Defendant Spann of sexual harassment.

75.     Plaintiff Malcolm would show that Defendant Chaussè operating within the scope

of her duties as her supervisor; and as her immediate and direct supervisor as of February 4,

2013; and Assistant Director of Special Education abused her power and used her race, age and

sex and protected class as an African American/Black female to not renew Plaintiff Malcolm's

employment for the 2013-2014 school years; and in retaliation for participation in the Defendant,

VWSD internal investigation of her direct and immediate supervisor Defendant Spann.

76.     Plaintiff Malcolm would show that the Defendant, VWSD and Defendants Spann,

Chaussè, Johnson and Dr. Swinford colluded and conspired to falsely accuse Plaintiff Malcolm

of accusing Defendant Spann of sexual harassment; and non-renewal of her employment for the

2013-2014 school years; and played a part in the violation of federal law, *42 U.S.C. Section

1985*; and that the Defendant, VWSD continued their collusion and conspiring in retaliation to

Plaintiff Malcolm filing discrimination charges against the VWSD on or about March 4, 2013;

and after the Defendant, VWSD force her out of her employment for the 2012-2013 school

years; and after non-renewal of her employment for the 2013-2014 school years; and after Plaintiff Malcolm filed a second **Charge of Discrimination Against the Vicksburg Warren School District** on or about June 4, 2013.

77.     Plaintiff Malcolm would show that the Board of Trustees, **Pratt, Stirgus, Jr., Stevens, Loviza and Bullard** all acted under the color of law; and denied her a hearing and equal protection and her constitutional due process; and failed to protect her from the outrageous and unwarranted discriminatory and retaliatory actions of the Defendant, VWSD; and subjected her to a coalition charged and intolerable hostile work environment by breaching her employment contract and MS Code of Ethics and falsely accusing her of accusing Defendant Spann of sexual harassment.

78.     At all material times to this **Complaint**, the individuals, officers, directors, supervisors, managers, employees and/or agents mentioned herein, acted within the scope of their duties as officers, directors, supervisors, managers, employees and/or agents of the Defendant, VWSD and under the color of state law.

## STATEMENT OF FACTS

79.     Plaintiff Malcolm would incorporate by reference the facts set forth in the **Introduction and as incorporated in the Complaint**, and would show to the Court that the additional **salient facts** are hereinafter set forth in this, her cause of actions against the Defendants, VWSD, et al.

80.     Plaintiff Malcolm commenced employment with the Defendant, VWSD on or about February 3, 2012 as the Central Office Special Education Secondary Instructional Specialist; and the position announcement is attached hereto, marked **Exhibit "A"** and incorporated herein by reference.

81.     Plaintiff Malcolm is an African American/Black female having been born on May 20, 1958. She is currently fifty six (56) years of age. Plaintiff Malcolm previously served as *Central Office Special Education Secondary Instructional Specialist*, at the Central Office Special Education Department and District level, in Vicksburg, Mississippi; having been so employed since 2012.

82.     Plaintiff Malcolm commenced employment with the Vicksburg Warren School District on February 3, 2012; and her 2011-2012 employment contract is attached hereto, marked *Exhibit "B"* and incorporated herein by reference. Plaintiff Malcolm was a veteran educator with twenty-five (25) years of experience when she commenced employment with the Defendant, VWSD.

83.     Plaintiff Malcolm would show that Spann directed her to begin work on or about February 3, 2013; and that she began working for the Defendant, VWSD on or about February 3, 2012; and that Defendants Spann, Johnson, Swinford and Chaussè, as well as the Defendant's Human Resource staff were all aware that she began work earlier even though Defendant Swinford did not get around to signing her employment contract until February 6, 2012.

84.     Plaintiff Malcolm would show that the Defendant, VWSD increased her employment days from 187 days to 220 days during the 2011-2012 school years; and that her salary was also increased by $5,000.00; and that the Defendant, VWSD did not pay her the $5,000.00 salary increase for the 2011-2012 school years.

85.     The Vicksburg Warren School District renewed Plaintiff Malcolm employment and increased her salary for the upcoming 2012-2013 schools years; and her 2012-2013 employment contract is attached hereto, marked *Exhibit "C"* and incorporated herein by reference.

86.     At the time of her non-renewal and termination of employment in 2013, Plaintiff

Malcolm had an employment contract with the Defendant, VWSD; and at all material times, the

Mississippi *Education Employment Procedures Law* ("EEPL") was in effect and provided for a

due process hearing in the event that Plaintiff Malcolm desired to appeal any such non-renewal

by the VWSD. Plaintiff Malcolm would show that the EEPL provides certain due process rights

to *certified and/or licensed employees* such as Plaintiff Malcolm in the event of an adverse

employment action such as a nonrenewal as provided for under the EEPL; and those rights

include fair and impartial decision makers.

87.     In the case, *sub judice*, the Defendants named individually herein knew that the

action taken against Plaintiff Malcolm violated her statutory or constitutional rights; and the

rights were clearly established at the time of the challenged conduct as set forth herein.

88.     Plaintiff Malcolm would show that the Superintendent of the Defendant, VWSD

at all material times referenced herein was Dr. Elizabeth Duran Swinford ("Dr. Swinford"), a

younger female Puerto Rican, who began serving as Superintendent for the Defendant, VWSD in

2010.

89.     The two (2) Secondary Instructional Specialist in the Vicksburg Warren School

District at all material times were Plaintiff Malcolm, an African American/Black female licensed

and certified employee and Trina Smith ("Smith"), a younger African American/Black female,

who was not a certified and/or licensed employee, but had worked for the Defendant, VWSD

since 2007; and handpicked to serve in the position.

90.     Plaintiff Malcolm was an exemplary employee and many of her colleagues

supported and respected her. Plaintiff Malcolm even received letter of recommendations from

her colleagues for the Assistant Principal position within the district. Those colleagues included

principals, teachers and support personnel, who attest to Plaintiff Malcolm value as a

professional educator and secondary instructional specialist. Plaintiff Malcolm effectively

performed her duties and responsibilities as **Central Office Special Education Secondary**

**Instructional Specialist;** and she was an effective administrator during her employment at the

VWSD. Plaintiff Malcolm claimed that but for her race, African American/Black and sex,

female, in which the Defendant, VWSD used as a weapon to falsely accuse Defendant Spann of

sexual harassment that she would have received renewal of employment for the 2013-2014

school years; and that she would never have been subjected to an intolerable work environment

and force out of her employment by the Defendant, VWSD.

91.     The Defendant, VWSDs had a duty and independent responsibility to investigate

Johnson's **false allegations** against Plaintiff Malcolm, e.g., **falsely accusing her of accusing**

**Defendant Spann of sexual harassment**; before upholding the non-renewal or termination; and

subjecting Plaintiff Malcolm to an intolerable hostile work environment, in which male

employees who once respected her and had no problem being in the same room alone with her

began to distance themselves.

92.     Johnson's allegations that Plaintiff Malcolm had accused Defendant Spann of

sexual harassment spread like a wild-fire through the school community and public community

at large; and so much so that on November 29, 2012 in a meeting with other colleagues, on

November 29, 2012, Plaintiff Malcolm reported to Defendant Johnson via text in regard to the

comment that Lee Dixon ("Dixon"), Grove Street Alternative School Principal made in regard to

being left alone with her.

93.     Plaintiff Malcolm has made request that Dixon step out into the hallway to

discuss a student. This had <u>never</u> been a problem before. Plaintiff Malcolm told Defendant Johnson that Dixon embarrassed her in front of her colleagues and/or co-workers by stating that, *"he needed someone to observe us and he could not be left alone with me because he needed eyes and ears"*.

94.    Plaintiff Malcolm was upset and horrified by the exchange that she sent a text message to Defendant Johnson stating, " I went to grove to discuss a student with Mr. Dixon and his teachers. Mr. Dixon asked if I needed to speak with him privately about the student and I relied yes. After I finished speaking with sanders and Andrews I told Mr. Dixon I was ready to speak with him. Mr. Dixon told me in front of a room full of people that *he needed eyes and ears and that he needed someone to observe. He has never done that to me and he has never reacted like that*. He and I have had numerous private conversations regarding students or district business. So I can only assume that he and others know about my complaint against Defendant Spann and even so he should not have done that. *Calling me out in front of my colleagues"*.

95.    Plaintiff Malcolm would show that the Defendant, VWSD's acts and harassment against her were serve and pervasive to alter the terms conditions of employment and subjected Plaintiff Malcolm to an abusive and intolerable work environment that a reasonable person would have involuntarily resigned and felt compelled to quit under the same circumstances.

96.    Plaintiff Malcolm claims that the non-renewal in February 2013 was discriminatory and retaliatory and in violation of Title VII by the Defendant, VWSD and its officials.

97.    In February 2013, Plaintiff Malcolm was performing her duties; and at the same

time, Defendants Dr. Swinford, Johnson, Spann and Chaussè were taking adverse employment actions against her; and making recommendations for the 2013-2014 school years as to licensed employees, certified employees, administrators and other staff, including Plaintiff Malcolm's position as Central Office Special Education Secondary Instructional Specialist.

98.    Defendant Spann had directed Plaintiff Malcolm and the staff under his charge to submit their intent forms soon after the Christmas Break and weeks before the January 17, 2013 deadline set by VWSD's personnel office. On February 4, 2013, Plaintiff Malcolm's employment contract for the 2013-2014 school years was non-renewed by the Defendant, VWSD. Plaintiff Malcolm would show that this was the first time while employed with the Defendant, VWSD that she was being required to submit an intent form; and upon information and belief neither was this done in the past for similarly situated employees as Plaintiff Malcolm.

99.    Plaintiff Malcolm would show that this disparate action on the part of Defendants Johnson, Chaussè and Dr. Swinford began **after** she had participated in the Defendant, VWSD internal investigation in regard to Defendant Spann and after Defendant Johnson told her that she would not be punished and/or penalized by the Defendant, VWSD for her participation in the internal investigation; and that *she had not done anything wrong; and that nothing would go into her personnel file.*

100.    On February 4, 2013, Plaintiff Malcolm was instructed by Defendant Johnson to meet her at central office. Plaintiff Malcolm compiled. In about a *span of about two hours*; Defendant Johnson and Dr. Walls met with Plaintiff Malcolm alone; then with Defendant Spann alone; then with Defendant Spann and Plaintiff Malcolm; and then told Plaintiff Malcolm to wait in the Board of Trustees meeting room; at the time Defendant Chaussè was sitting in the Superintendent's Office, which was right across the hall from Johnson's office; and after meeting

with Defendant Spann alone, Defendant Johnson and Dr. Walls met with Plaintiff Malcolm and Defendant Chaussè.

101.    It was during that meeting that Defendant Chaussè informed Plaintiff Malcolm that she had been made her new immediate and direct supervisor instead of Defendant Spann; and that as her *new immediate and direct supervisor* that she was recommending *nonrenewal* of her employment for the 2013-2014 school years.

102.    In February 2013, the Defendant, VWSD made the decision to non-renew Plaintiff Malcolm's employment contract for the 2013-2014 school years and this decision was not based upon the evidence of her body of work for the Defendants. This decision was based upon an unlawful motive on the part of Defendants Spann, Chaussè,  Johnson and Dr. Swinford; a claiming of *false reasons*, a *claiming of falsely* accusing Plaintiff Malcolm of accusing Defendant Spann of sexual harassment, Plaintiff Malcolm's *participation* in the Defendant, VWSD internal investigation; and even consisted of the submitting to the VWSD Board of Trustees *false information* to justify the non-renewal action; including writing Defendant Spann a letter on February 4, 2013 accusing him of sexual harassment of Plaintiff Malcolm.

103.    Plaintiff Malcolm would show that she is a contract employee and she was told of her non-renewal by the Defendant, VWSD Defendant Chaussè by mouth;  and who immediately thereafter handed her a letter informing her of the same. At the time of nonrenewal Plaintiff Malcolm had no prior knowledge that she was not going to be back at the Central Office Special Education Department for the 2013-2014 school years.

104.    Defendants Defendant Spann, Defendant Chaussè, Defendant Johnson and Dr. Swinford engaged in an egregiously conscious course of conduct; and engaged in covert, calculated misconduct to remove Plaintiff Malcolm from her position as Central Office Special

Education Secondary Instructional Specialist. Plaintiff Malcolm was the only

instructional/curriculum specialist not to be recommended for renewal by the Superintendent of

the Defendant, VWSD for the 2013-2014 school years.  Plaintiff Malcolm's

nonrenewal/termination was unlawfully *"orchestrated"* by Defendants Spann, Chaussè, Johnson

and Dr. Swinford.

105.    That Defendants Johnson and Dr. Swinford was at all times "***pulling the***

***"strings"*** of this adverse employment action, <u>see</u> ***Staub v. Proctor Hospital, 562, U.S._____***

***(2011).***

106.    Defendants Dr. Swinford, Johnson, Spann and Chaussè were directly

involved in the non-renewal and termination action that was received by Plaintiff Malcolm on

February 4, 2013 and later approved by the Board of Education by and through Swinford; and at

Dr. Swinford direction and effort; and as a result there of, the Defendant, VWSD is liable for the

actions of Defendants Spann, Johnson, Chaussè and Dr. Swinford, who were all supervisors

acting within the scope of their duties as officers, directors, managers, supervisors, employees

and/or agents of the Defendant Vicksburg Warren School District.

107.    The actions of the Defendant, VWSD and its officials would ***<u>dissuade a</u>***

***<u>reasonable worker</u>*** from making and supporting a charge of discrimination. As a result of the

filing of the charge, the Defendant VWSD and Superintendent, Dr. Swinford has subjected

Plaintiff Malcolm to unlawful retaliation and reprisal.

108.    At all material times to this ***Complaint,*** the individuals, officers, directors,

supervisors, managers, employees and/or agents mentioned herein, acted within the scope of

their duties as officers, directors, supervisors, managers, employees and/or agents of the

Defendant, VWSD and under the color of state law.

109.    Believing that she had been discriminated on the basis of her race and age; and in retaliation of her participation in the Defendant, VWSD internal investigation in regard to her complaints of harassment by her immediate and direct male supervisor, Defendant Spann; and in violation of Title VII, Plaintiff Malcolm on or about **March 4, 2013** filed a **Charge of Discrimination** with the EEOC in Jackson, Mississippi; **EEOC Charge No.** : **846-2013-23561**; and that a copy of the **Charge of Discrimination Against the Vicksburg Warren School District** of Plaintiff Malcolm is attached hereto, marked **Exhibit "D"**. That the EEOC investigated the Charge and the Charge was pending before the EEOC until **July 2013**, when a Notice and Right to Sue was issued and sent to Plaintiff Malcolm; and that a copy of the **Notice of Right to Sue** is attached hereto and marked **Exhibit "E"** and incorporated herein by reference.

110.    Plaintiff Malcolm would show that on March 28, 2013, less than one month after the filing of the **Charge of Discrimination** on March 4, 2013 that the Defendant, VWSD unlawfully removed her from payroll, causing her financial harm, demoted her and purposely withheld her payroll after paying other district employees; and that she had to wait to receive her payroll after school resumed after the Easter Break.

111.    Plaintiff Malcolm would show that on or about April 15, 16, 2013,; and within one month after the filing of the **Charge of Discrimination** based on race, age, and retaliation that the Defendant, VWSD demoted her by changing her duties and responsibilities and assigning her to demeaning and low grading duties to cause her embarrassment and humiliation among her co-workers; and on or about April 17, 2013, Defendant Swinford humiliated and embarrassed her in front of her colleagues by purposely having the  School Resource Officer to detained her; and by false accusing her of stealing and/or removing documents from her personnel file.

112.    Plaintiff Malcolm would show that the inappropriately sexual conversations among her co-workers, e.g., comments by certain female co-workers about other people husbands and/or being accused of sleeping with this person or that, comments and avoidance by certain male employees; and her unsettling suspicions that the Defendant, VWSD had accused her of accusing Defendant Spann of sexual harassment that she discovered in May 2013 that the Defendant, VWSD had falsely accused her of accusing Defendant Spann of sexual harassment.

113.    Plaintiff Malcolm alleges that she was forced to involuntarily resign under the Doctrine of Constructive Discharge for the 2012-2013 school years; and after the Defendant, VWSD had intentionally and maliciously subjected her to a coalition charged and intolerable hostile work environment; and after she participated in the Defendant, VWSD internal investigation; and after Plaintiff Malcolm filed a Charge of Discrimination; the Defendant, VWSD Board of Trustees voted to terminate Plaintiff Malcolm's employment on or about April 28, 2013.

114.    The April 28, 2013, termination of employment by the Defendant, VWSD for Plaintiff Malcolm was the subject of Plaintiff Malcolm *Charge of Discrimination* filed with the EEOC in March 2013. Plaintiff Malcolm would show that she also in a timely manner contested her nonrenewal by the VWSD Defendant Board of Trustees, who as did Defendants Chaussè and Dr. Swinford ***did not*** present Plaintiff Malcolm *reasons* in support of their decision to recommend the non-renewal of her employment and refused to grant her a hearing at her requested by Plaintiff Malcolm under the EEPL.

115.    Plaintiff Malcolm expected that the VWSD Board of Trustees to provide her with a fair and impartial hearing, however, that did not happen as Plaintiff Malcolm was deprived of a *fair and impartial hearing* by the Defendant, VWSD and Plaintiff Malcolm was deprived of an

individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty or property; and that the non-renewal "procedures" did **not** provide Plaintiff Malcolm with due process of law in the case, *sub judice*.

116.   Believing that she had been continuously discriminated on the basis of her race, age, sex, and retaliation; and that the Defendant, VWSD defendants' actions and conduct violated the continuing violation theory; and in violation of Title VII; Plaintiff Malcolm on or about ***June 4, 2013*** filed a second ***Charge of Discrimination and Retaliation Against the Vicksburg Warren School District*** with the EEOC in Jackson Mississippi; ***EEOC Charge No. : 423-2013-01564***. That the EEOC investigated the Charge and the Charge was pending before the EEOC until ***July 2013***, when a Notice and Right to Sue was issued and sent to Plaintiff Malcolm. Thus, at all material times alleged and after ***March 4, 2013***, the Charge of Plaintiff Malcolm based on race, age and retaliation for participating in the Defendant, VWSD internal investigation was pending before the EEOC; and the Individual Defendants named herein and the Individual Defendants on the Board of Trustees for the Defendant, VWSD were aware of the Charge of Discrimination filed by Plaintiff Malcolm in March 2013; and that a copy of the second ***Charge of Discrimination Against the Vicksburg Warren School District*** of Plaintiff Malcolm is attached hereto, marked ***Exhibit "F"*** and incorporated herein by reference.

117.   The actions of the Defendants VWSD and its officials would ***dissuade a reasonable worker*** from making or supporting a charge of discrimination. As a result of the engaging in a protective activity by participating in the Defendant, VWSD internal investigation in January 2013; and filing of her initial ***Charge of Discrimination*** in March 2013, Plaintiff Malcolm has been subjected to unlawful retaliation and reprisal.

32

118.    Plaintiff Malcolm alleges that the Defendant, VWSD colluded and conspired by falsely accusing Plaintiff Malcolm in *July 2013* of not complying with the Defendant, VWSD's sick leave policy and exhibiting issues of taking instructions from district management in retaliation of Plaintiff Malcolm's participation in the Defendant, VWSD internal investigation against Defendant Spann, falsely accusing Plaintiff Malcolm of accusing Defendant Spann of sexual harassment; and after Plaintiff Malcolm filed a <u>second</u> charge of discrimination against VWSD on or about June 4, 2013.

119.    The Defendant, VWSD violated Title Vii for the reasons set forth herein; and the members of the Board of Trustees of the Defendant, VWSD named herein were biased and prejudiced against Plaintiff Malcolm.

120.    Plaintiff Malcolm would show that in *July 2013*,  seven (7) months after she participated in the Defendant, VWSD internal investigation; and five (5) months after the filing of the Charge of discrimination over participation in the internal investigation over the inappropriate conduct of her supervisor, non-renewal of her employment, race, age and retaliatory based discrimination, that the Defendant, VWSD retaliated again her by making false accusation that her employment was non-renewed for the 2013-2014 school years because she did not comply with the Defendant, VWSD's policy regarding sick leave; and that she exhibited issues with taking instruction from district management.

121.    Plaintiff Malcolm would show the Defendant, VWSD retaliatory actions constitutes an adverse employment action and retaliatory harassment in retaliation to her filing a charge of discrimination against it, in violation of Title VII and Mississippi Human Rights law.

122.    Plaintiff Malcolm was never given an opportunity to present her version of the

events in regard to the Defendant, VWSD falsely accusing her of accusing Defendant Spann of

sexual harassment; non-renewal of her employment; and she was never given the opportunity to

present her side to the Defendant, VWSD's *July 2013* accusations that she lost her employment

and her contract was non-renewed for the 2013-2014 school years because she did not comply

with the district's sick leave policy and she exhibited issues with taking instructions from district

management. Plaintiff Malcolm made request for the reason or reasons for non-renewal of her

contract in February 2013, the Defendant, VWSD failed to provide her with the reason or

reasons; and told her that the Defendant, VWSD did not have to give her a reason.  It was not

until **after** Plaintiff Malcolm engaged in a protective activity; participated in an internal

investigation; non-renewal; forced out of her employment; and **after** filing an initial *Charge of*

*Discrimination against the Vicksburg Warren School District* in *March 2013*; and a second

*Charge of Discrimination against the Vicksburg Warren School District* in *June 2013*, that the

Defendant, VWSD now claimed the reasons for non-renewal of her employment for the 2013-

2014 school years were untimely, faulty, erroneous, arbitrary, capricious and made in bad faith.

123.    The Defendant, VWSD's actions and conduct were *stigmatizing* as to implicate a

constitutionally protected liberty interest. The district must have provided Plaintiff Malcolm with

a hearing in which she would have had an opportunity to confront adequately the stigmatizing

charges of accusing Defendant Spann of sexual harassment, as well as, the *stigmatizing* charges

claimed by the Defendant, VWSD for the non-renewal of her employment for the 2013-2014

school years.

124.    Further, the Defendant, VWSD published comments on or about April 25, 2013

on its public website in regard to Plaintiff Malcolm, *"Please see attached information*

*concerning her resignation"* and *Please see attached information concerning the*

*Superintendent's recommendation to the Board concerning her resignation*" were sufficiently "*stigmatizing*" to give rise to a protected liberty interest. Plaintiff Malcolm alleges that the Defendant, VWSD intentionally with malicious published the information to its public website to cause further irreversibly damage to her reputation and any future employment with other prospective employers; and that they did do willfully and wantonly.

125.    The Defendant, VWSD violated Title VII for the reason set forth herein; and members of the Board of Trustees of the Defendant, VWSD named herein acts and conduct were in violation of the due process rights of Plaintiff Malcolm, Fifth and Fourteenth Amendments and Equal Protection Clause rights for which Plaintiff Malcolm  seeks recovery. In the case *sub judice*, it is clear that a reasonable official would understand that what he or she was doing violates a statutory or constitutional right; and the statutory and constitutional right of Plaintiff Malcolm was clearly established at the times of the challenged conduct as alleged herein. *Khan V. Normand, 683F. 3d 192, 194 (5th Cir. 2012).*

## COUNT I

## DUE PROCESS AND EQUAL PROTECTION

126.    Plaintiff Malcolm re-alleges and hereby incorporates by reference all prior paragraphs of the *Complaint* as set forth herein in full; and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

127.    Plaintiff Malcolm contends that she had a clearly established right to a due process hearing prior to nonrenewal of her employment for the 2013-2014 school years.

128.    Plaintiff Malcolm's nonrenewal was unlawful, discriminatory and

retaliatory; and in violation of Title VII and the ADEA. As a result of these wrongful acts Plaintiff Malcolm is entitled to recover actual and compensatory damages against the Defendant, VWSD as authorized by law.

129.    Plaintiff Malcolm contends that after she participated in the VWSD Defendant internal investigation regarding Defendant Spann that she was subjected to an intolerable hostile work environment and retaliated against for complaining of and opposing the Defendant, VWSD unlawful actions and filing a charge of discrimination; and that this action was unlawful and in violation of Title VII. As a result of these wrongful acts Plaintiff Malcolm is entitled to recover actual and compensatory damages against the Defendant, VWSD as authorized by law.

130.    Plaintiff Malcolm contends that after she participated in the Defendant, VWSD internal investigation on January 18, 2013 regarding harassment of her by her male supervisor, Defendant Spann that the Defendant, VWSD in retaliation non-renewed her employment on February 4, 2013 for the upcoming 2013-2014 school years; and that the Defendants actions and other factors that the Defendant, VWSD subjected her to ultimately forced her to involuntarily resign in April 2013 her employment; and after subjecting her to a coalition charged and hostile work environment, which included falsely accusing her of accusing Defendant Spann of sexual harassment.

131.    Specifically, the Defendant, VWSD, individuals, directors, managers, supervisors, officers, employees, and/or agents formed a coalition charged alliance, subjected her to a hostile work environment; falsely accused her of accusing her African American/Black forty-eight/nine (48/49) years old supervisor of sexual harassment; and caused mistreatment to force Plaintiff Malcolm out of her employment for the 2012-2013 school years; and that those in

authority, including Dr. Swinford and the Board of Trustees knew about the mistreatment and refused to stop the mistreatment because they wanted Plaintiff Malcolm to quit and their plan was to force her to quit after breaching her 2012-2013 employment contract, accusing he o accusing Defendant Spann of sexual harassment; withholding her pay, demoting her; and terminating her employment to that of an hourly at-will employee on or about March 28, 2013.

132.    The Vicksburg Warren School District and Dr. Swinford knew of or should have known that Plaintiff Malcolm was entitled to a due process hearing prior to being removed from her administrative/management position for the 2013-2014 school years.

133.    The Vicksburg Warren School District and Dr. Swinford knew of or should have known that Plaintiff Malcolm was entitled to a due process hearing after Defendant Johnson falsely accused her on February 4, 2013 of accusing Defendant Spann of sexual harassment and stigmatizing her and subjecting her to an intolerable and horrific work situation. As a result, the Defendants' actions and conduct were outrageous, willful, wanton, intentional and malicious, in violation of federal law and the MS Code of Ethics.  As a proximate result of the Defendant, VWSD unlawful and wrongful acts, Plaintiff Malcolm is entitled to recover actual, compensatory and punitive damages against the Defendant, VWSD as authorized by law.

134.    As a proximate result of the actions of the Defendant Vicksburg Warren School Defendant, individuals, directors, supervisors, managers, officers, employees and/or agents and Dr. Swinford, and under the color of state law, Plaintiff Malcolm was unlawfully forced out of the remaining three (3) months of her 2012-2013 employment; and employment was non-renewed for the 2013-2014 school years; and denied her right to a due process hearing prior to being removed from her administrative/management position. As a proximate result of the

Defendant, VWSD unlawful and wrongful acts, Plaintiff Malcolm is entitled to recover actual, compensatory and punitive damages against the Defendant, VWSD as authorized by law.

## COUNT II

## BREACH OF CONTRACT

135.    Plaintiff Malcolm re-alleges and hereby incorporates by reference all prior paragraphs of the *Complaint* as set forth herein in full; and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

136.    Plaintiff Malcolm contends that Defendants Eddie Spann, Heidi Chaussè, Paula Johnson, Dr. Elizabeth Duran Swinford and others used their apparent authority to cause Plaintiff Malcolm's employment as an administrator/manager/licensed employee to be unlawfully breached and to force her out of employment by subjecting her to an intolerable hostile work environment and falsely accusing her of accusing Defendant Spann of sexual harassment; and deprived Plaintiff Malcolm of her life, liberty and property, including employment benefits causing her to suffer injury, damage, and loss.

137.    Plaintiff Malcolm contends that the Defendant, VWSD, including Defendants Spann, Chaussè, Johnson, and Dr. Swinford knew or should have known that Defendant Dr. Elizabeth Swinford and others; and the Vicksburg Warren School District, who used their apparent authority; were breaching Plaintiff Malcolm's employment contract and that Plaintiff Malcolm was entitled to remain in her position.

## COUNT III

## CONSTRUCTIVE AND RETALIATORY DISCHARGE

138.    Plaintiff Malcolm re-alleges and hereby incorporates by reference all prior

paragraphs of the *Complaint* as set forth herein in full; and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

139.    Plaintiff Malcolm reasonable believed that the behavior and conduct she complained of was unlawful; and Title VII makes it unlawful for an employer to discriminate against an employee "*because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing* under this subchapter." 42 U.S.C. § 2000e-3(a).

140.    For months and thereafter, Plaintiff Malcolm complained of Defendant Spann's unlawful acts of harassment towards her, reported them to Defendant Spann and her supervisors, Dr. Elizabeth Duran Swinford, then Superintendent of Schools and Paula Johnson, Assistant Superintendent of Schools. Defendant Chaussè was also in knowledge of Defendant Spann's harassment towards Plaintiff Malcolm and at first tried to support Plaintiff Malcolm, but would eventually join Defendants Spann, Johnson and Dr. Swinford efforts to discredit her and non-renew her employment.

141.    Plaintiff Malcolm took advantage of the VWSD Harassment policy as she knew it and immediately reported the incident (s).  Plaintiff Malcolm would reports several acts of harassment against her by her supervisor Defendant Spann beginning in October 2012; and thereafter. At all material times, the Defendant, VWSD did not provide any policies or procedures to Plaintiff Malcolm in regard to filing and/or complaining of harassment by a co-worker; and even after Plaintiff Malcolm made request for the district's policies and procedures.

142.    After several months of continuous complaining and opposing Defendant

Spann's misconduct and acts against her, the Defendant, VWSD conducted an internal

investigation; and that internal investigation was done in *"bad faith"*. Plaintiff Malcolm alleges

that the internal investigation was conducted for the mere purpose of falsely accusing Defendant

Spann of sexual harassment and to falsely accuse Plaintiff Malcolm of accusing him of sexual

harassment; to non-renew Plaintiff Malcolm's employment and to force her out of employment

with the Defendant, VWSD. Defendant Johnson full well knew the statement that Plaintiff

Malcolm accused Defendant Spann of sexual harassment was *"false"* when she made it, but she

did not care and showed *depraved indifference for Plaintiff Malcolm as a woman*.

143.    Plaintiff Malcolm would show that *"but for"*, the Defendant, VWSD, its

directors, managers, supervisors, officers, employees and/or agents' willful and spiteful acts and

conduct; manufactured false information against her as a woman; and her race and sex; that she

would have not suffered an adverse employment action of non-renewal of her employment;

would have never been subjected to an intolerable hostile environment; and would have not been

compelled to involuntarily resign as a result of the unlawful acts.

144.    Plaintiff Malcolm will show that on February 12, 2013,and within one (1)

week after becoming her immediate and direct supervisor; that  Defendant Chaussè began to

harass her in regard to allegations in regard to attendance; and that she responded to those

allegation by letter to Defendant Chaussè and also informed her that she was not going to be

forced to resign her position. Plaintiff Malcolm would show that the Defendant, VWSD, its

directors, managers, supervisors, officers, employees and/or agents continued to harass,

discriminate and retaliate against her in violation of Title VII and other federal laws.

145.    The very next morning prior to the school day, on February 13, 2013, Plaintiff

Malcolm was involved in an auto accident which involved several VWSD employees. On *March 7, 2013*, Tracie Young ("Young"), a VWSD employee told Plaintiff Malcolm that she traveled that stretch of road on a daily basis at that time of the morning; and that she had <u>never</u> seen the VWSD employees and/or affiliates/associates/employees to the district that were involved travel that way to work, with the exception of Plaintiff Malcolm and Alicia Jackson.  Plaintiff Malcolm had traveled the way to work for more than a year; and she too had <u>never</u> seen any of the VWSD employees and/or affiliates/associates/employees travel that way to work. Young went on to imply that the accident was questionable at best and possibly staged to cause Plaintiff Malcolm injury to force her to use the remainder of her sick leave days; and to cause her harm.

146.    Plaintiff Malcolm would show that she was forced out of her 2012-2013 employment by the Defendant, VWSD and that she involuntarily resigned under duress and concerns of self and that of others for her safety, including Young and the late Officer Randy Naylor; being subjected to an intolerable hostile work environment; and that the Defendant, VWSD refused to grant her FMLA after the motor vehicle accident on or about February 13, 2013; and refused to allow her to recuperate from her injuries, but forced her to return to work by refusing to grant her FMLA request on or about *March 27, 2013*; and information regarding the same.

147.    The Defendant, VWSD internal investigation was conducted in ***bad faith***; and the VWSD, et. al ***did not*** conduct a fair minded, impartial and independent investigation- as required by law; and made in good faith; and violated the policies and procedures of the Defendant, VWSD and the MS Code of Ethics.

148.    Plaintiff Malcolm would show that on October 18, 2012, she reported to Johnson

that Defendant Spann made the comment to her, "***Don't Come in here trying to force yourself on me";*** and that Defendant Johnson told her that Defendant Spann meant something sexual in nature and called two people she knew, e.g., a male and female, the female being a Superintendent of Schools to convince Plaintiff Malcolm that Defendant Spann's actions were sexual harassment; and that Defendant Johnson tried relentlessly from ***October 18, 2012*** through ***February 1, 2013*** to get her to write that Defendant Spann had sexually harassed her.

149.    Plaintiff Malcolm would show that on or about ***January 18, 2013***, Plaintiff Malcolm was told by Defendant Johnson to report to Grove Street Alternative High School. Plaintiff Malcolm complied. Plaintiff Malcolm met with Defendants Johnson, Charles "Bubba" Hanks ("Hanks"), Administrative Assistant to the Superintendent of Schools and Dr. John Walls, Jr., ("Walls"), Administrative Assistant to the Superintendent of Schools in regard to the investigation regarding Defendant Spann's continuous harassment towards her.

150.    Plaintiff Malcolm did not know that Defendants Hanks and Walls would be in attendance; and learn from Defendant Johnson that Defendants Hanks and Walls would be conducting an internal investigation on that day of January 18, 2013. Defendant Johnson also conducted the internal investigation along with Defendants Hanks and Walls.

151.    The Defendant, VWSD breached Plaintiff Malcolm's employment contract by making Plaintiff Malcolm's working conditions so unlawfully intolerable that a reasonable person would have felt compelled to resign; and the Defendant, VWSD are liable for the unlawful acts.

## COUNT IV

## RACE, SEX AND AGE DISCMINATION

152.    Plaintiff Malcolm re-alleges and hereby incorporates by reference all prior

paragraphs of the ***Complaint*** as set forth herein in full; and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

153.    Plaintiff Malcolm alleges that the Defendant, VWSD discriminated and retaliated against her based on her race, age and sex; and that the VWSD, Defendant accused her of accusing Defendant Spann of sexual harassment to non-renew her employment and to cause irreversibly harm to her reputation and class as an African American/Black woman in violation of Title VII and Mississippi Human Rights Law.

## COUNT V

### DEFENDANT, VWSD ACTIONS UNDER COLOR OF STATE LAW; LIABILITY, DOSCRMONATION AND RETALIATION UNDER TITLE VII, SECTION 1981, SECTION 1983

154.    Plaintiff Malcolm re-alleges and hereby incorporates by reference all prior paragraphs of the ***Complaint*** as set forth herein in full; and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

155.    During all material times alleged herein, ***Defendants Pratt, Stirgus, Jr., Loviza, Stevens and Bullard*** were members of the Board of Trustees of the Defendant, VWSD. Defendant ***Pratt, Stirgus, Jr., Loviza, Stevens and Bullard*** were aware that Plaintiff Malcolm was being deprived of her life, liberty and property, including employment benefits causing Plaintiff Malcolm to suffer injury, damage and loss. Defendants ***Pratt, Stirgus, Jr., Loviza, Stevens and Bullard*** were aware and had knowledge that ***Defendants Dr. Swinford and Defendant Johnson*** were making "***false claims***", against Plaintiff Malcolm, ***including falsely accusing her of accusing Defendant Spann of sexual harassment***; thereby creating a

43

deliberately malicious, willful and wantonly horrific and intolerable work environment; and showed depraved indifference to Plaintiff Malcolm's "*class and sex as an African American/Black woman*".

156.     As a result of said acts and conduct, including failing to investigate Plaintiff Malcolm's hostile work environment; and investigate the actions of Defendant Johnson's February 4, 2013 allegations of accusing Plaintiff Malcolm of accusing Defendant Spann of sexual harassment, Plaintiff Malcolm is entitled to any and all relief available to her, including but not limited to actual and compensatory damages.

157.     At all material times to this Complaint, the individual officers, directors, supervisors, managers, employees and/or agents mentioned herein, acted within the scope of their duties as officers, directors, supervisors, managers, employees and/or agents of the Defendant, VWSD and under the color of state law.

## DEFENDANT BRYAN PRATT

158.     Plaintiff Malcolm re-alleges and hereby incorporates by reference all prior paragraphs of the *Complaint* as set forth herein in full; and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

159.     During all material times alleged herein, *Defendant Pratt* was a member of the VWSD Board of Trustees, and Vice President; and is now President, of the Defendant, VWSD. As a result of *Defendant Pratt's* acts and conduct, which were intentional and malicious, Plaintiff Malcolm was deprived of her life, liberty and property, including employment benefits causing Plaintiff Malcolm to suffer injury, damage and loss. Defendant Pratt *engaged in acts of*

*racial and other-wised sex based,* invidiously discriminatory animus that resulted in damage and loss to Plaintiff Malcolm.

160.    As a result of said acts and conduct, including failing to investigate Plaintiff Malcolm's hostile work environment; and investigate the actions of *Defendant Johnson's* February 4, 2013 allegations of accusing Plaintiff Malcolm of accusing Defendant Spann of sexual harassment, Plaintiff Malcolm is entitled to any and all relief available to her, including but not limited to actual and compensatory damages.

## DEFENDANT JAMES STIRGUS, JR.

161.    Plaintiff Malcolm re-alleges and hereby incorporates by reference all prior paragraphs of the *Complaint* as set forth herein in full; and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

162.    During all material times alleged herein, Defendant *Stirgus, Jr.,* was a member of the VWSD Board of Trustees, and President; and is now Vice President, of the Defendant, VWSD. As a result of *Defendant Stirgus'* acts and conduct, which were intentional and malicious, Plaintiff Malcolm was deprived of her life, liberty and property, including employment benefits causing Plaintiff Malcolm to suffer injury, damage and loss. Defendant Stirgus, Jr., *engaged in acts of racial and other-wised sex based*, invidiously discriminatory animus that resulted in damage and loss to Plaintiff Malcolm.

163.    As a result of said acts and conduct, including failing to investigate Plaintiff Malcolm's hostile work environment; and investigate the actions of *Defendant Johnson's* February 4, 2013 allegations of accusing Plaintiff Malcolm of accusing Defendant Spann of

sexual harassment, Plaintiff Malcolm is entitled to any and all relief available to her, including but not limited to actual and compensatory damages.

## DEFENDANT JOE LOVIZA

164.    Plaintiff Malcolm re-alleges and hereby incorporates by reference all prior paragraphs of the *Complaint* as set forth herein in full; and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

165.    During all material times alleged herein, *Defendant Loviza* was a member of the VWSD Board of Trustees, and Secretary; of the Defendant, VWSD. As a result of *Defendant Loviza's* acts and conduct, which were intentional and malicious, Plaintiff Malcolm was deprived of her life, liberty and property, including employment benefits causing Plaintiff Malcolm to suffer injury, damage and loss. Defendant Loviza *engaged in acts of racial and other-wised sex based*, invidiously discriminatory animus that resulted in damage and loss to Plaintiff Malcolm.

166.    As a result of said acts and conduct, including failing to investigate Plaintiff Malcolm's hostile work environment; and to investigate the actions of *Defendant Johnson's* February 4, 2013 allegations of accusing Plaintiff Malcolm of accusing Defendant Spann of sexual harassment, Plaintiff Malcolm is entitled to any and all relief available to her, including but not limited to actual and compensatory damages.

## DEFENDANT ALONZO STEVENS

167.    Plaintiff Malcolm re-alleges and hereby incorporates by reference all prior

paragraphs of the *Complaint* as set forth herein in full; and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

168.   During all material times alleged herein, *Defendant Stevens* was a member of the VWSD Board of Trustees of the Defendant, VWSD. As a result of *Defendant Stevens'* acts and conduct, which were intentional and malicious, Plaintiff Malcolm was deprived of her life, liberty and property, including employment benefits causing Plaintiff Malcolm to suffer injury, damage and loss. Defendant Stevens *engaged in acts of racial and other-wised sex based*, invidiously discriminatory animus that resulted in damage and loss to Plaintiff Malcolm. As a result of said acts and conduct, including failing to investigate Plaintiff Malcolm's hostile work environment; and to investigate the actions of *Defendant Johnson's* February 4, 2013 allegations of accusing Plaintiff Malcolm of accusing Defendant Spann of sexual harassment, Plaintiff Malcolm is entitled to any and all relief available to her, including but not limited to actual and compensatory damages.

## DEFENDANT SALLY BULLARD

169.   Plaintiff Malcolm re-alleges and hereby incorporates by reference all prior paragraphs of the *Complaint* as set forth herein in full; and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

170.   During all material times alleged herein, *Defendant Bullard* was a member of the VWSD Board of Trustees of the Defendant, VWSD. As a result of *Defendant Bullard's* acts and conduct, which were intentional and malicious, Plaintiff Malcolm was deprived of her life, liberty and property, including employment benefits causing Plaintiff Malcolm to suffer injury,

damage and loss. Defendant Bullard *engaged in acts of racial and other-wised sex based*, invidiously discriminatory animus that resulted in damage and loss to Plaintiff Malcolm. As a result of said acts and conduct, including failing to investigate Plaintiff Malcolm's hostile work environment; and to investigate the actions of *Defendant Johnson's* February 4, 2013 allegations of accusing Plaintiff Malcolm of accusing Defendant Spann of sexual harassment, Plaintiff Malcolm is entitled to any and all relief available to her, including but not limited to actual and compensatory damages.

## DEFENDANT DR. ELIZABETH DURAN SWINFORD

171.    Plaintiff Malcolm re-alleges and hereby incorporates by reference all prior paragraphs of the *Complaint* as set forth herein in full; and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

172.    During all material times alleged herein, *Defendant Swinford* was Superintendent of Schools of the Defendant, VWSD. As a result of *Defendant Swinford's* acts and conduct, which were intentional and malicious, Plaintiff Malcolm was deprived of her life, liberty and property, including employment benefits causing Plaintiff Malcolm to suffer injury, damage and loss. Defendant Swinford *engaged in acts of racial, gender/sex, and other-wised class-based*, invidiously discriminatory animus that resulted in damage and loss to Plaintiff Malcolm. As a result of said acts and conduct, including failing to investigate Plaintiff Malcolm's hostile work environment, but created, participated and engaged in unlawful discriminatory and retaliatory acts; and to investigate the actions of *Defendant Johnson's* February 4, 2013 allegations of accusing Plaintiff Malcolm of accusing Defendant Spann of sexual harassment; and  encouraged and went along with Defendants Johnson, Defendant Spann and Defendant

48

Chaussè's unlawful actions based on Plaintiff Malcolm race, age, sex and class as an African American/Black; Plaintiff Malcolm seeks recovery from Defendant Swinford; and the actions of Defendant Swinford were under color of law – and her <u>known</u> violations of the federally protected rights of Plaintiff Malcolm.

173.    Defendant Swinford encouraged, created, participated and engaged in a coalition charged and intolerable hostile work environment with the express intent to cause nonrenewal of Plaintiff Malcolm's employment for the 2013-2014 school years; and to force Plaintiff Malcolm out of her job for the 2012-2013 school years. As a result of said acts and conduct, Plaintiff Malcolm is entitled to any and all relief available to her, including but not limited to actual and compensatory damages.

## DEFENDANT PAULA DEFENDANT JOHNSON

174.    Plaintiff Malcolm re-alleges and hereby incorporates by reference all prior paragraphs of the *Complaint* as set forth herein in full; and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

175.    During all material times alleged herein, *Defendant Johnson* was Assistant Superintendent of Curriculum for Instruction of the Defendant, VWSD. As a result of *Defendant Johnson's* acts and conduct, which were intentional and malicious, Plaintiff Malcolm was deprived of her life, liberty and property, including employment benefits causing Plaintiff Malcolm to suffer injury, damage and loss. Defendant Johnson *engaged in acts of racial, gender/sex, and other-wised class-based*, invidiously discriminatory animus that resulted in damage and loss to Plaintiff Malcolm.

176.    Defendant Johnson *intentionally, deliberately, willingly and knowing with*

***malicious intent with depraved indifference and disregard*** for Plaintiff Malcolm's marital status and class and sex as an African American/Black woman, "***falsely***" accused of accusing her forty-eight/nine (48/49) years old African/American male supervisor of sexual harassment; and created, encouraged, participated and engaged in subjecting Plaintiff Malcolm to an intolerably hostile work environment, in which many of her black and white male and female colleagues avoided her and/or made comments which to let her know that they were aware and/or in knowledge of the sexual allegations made against her.

177.   Defendant Johnson full well knew that Plaintiff Malcolm did not accuse Defendant Spann of sexual harassment, e.g., unwanted or unwelcomed sexual favors or advances, inappropriate sexual contact or conduct, offensive or lewd sexual comments/behaviors, ; and that she used Plaintiff Malcolm's race, age and sex to accuse Defendant Spann of sexual harassment to assure non-renewal of Plaintiff Malcolm's employment for the 2013-2014 school years; and to encourage, create, participate and engage in a coalition charged and intolerable hostile work environment; and to force Plaintiff Malcolm out of her job for the 2012-2013 school years.

178.   Defendant Johnson told Plaintiff Malcolm that it was for the Defendant, VWSD to decide after investigation whether Defendant Spann's misconduct was sexual harassment towards her; and it was not for Plaintiff Malcolm to decide. After investigation, the Defendant, VWSD and Defendant Johnson decided that Defendant Spann's actions were sexual harassment.

179.   Defendant Johnson's acts and conduct degraded, stereotyped and ***stigmatized*** Plaintiff Malcolm as a woman that has nothing better to do than to accuse her male supervisor of sexual harassment; and after coming to such a false conclusion of allegations against Plaintiff Malcolm failed to inform Plaintiff Malcolm and failed to grant her the opportunity to clear her

good name, reputation and good moral character; and allowed the lie to stand, spread and

become published throughout the school community and public community at large.

180.    As a result of said acts and conduct, including failing to investigate Plaintiff

Malcolm's hostile work environment, but created, participated and engaged in unlawful

discriminatory and retaliatory acts; and the actions of **Defendant Johnson's** February 4, 2013

allegations of accusing Plaintiff Malcolm of accusing Defendant Spann of sexual harassment;

and encouraged and went along with Defendants Defendant Spann and Defendant Chaussè's

unlawful actions based on Plaintiff Malcolm race, age, sex and class as an African

American/Black; Plaintiff Malcolm seeks recovery from Defendant Johnson; and the actions of

Defendant  Johnson were under color of law – and her <u>known</u> violations of the federally

protected rights of Plaintiff Malcolm.

181.    As a result of said acts and conduct, Plaintiff Malcolm is entitled to any and all

relief available to her, including but not limited to actual and compensatory damages.

### DEFENDANT CHARLES "BUBBA" HANKS

182.    Plaintiff Malcolm re-alleges and hereby incorporates by reference all prior

paragraphs of the **Complaint** as set forth herein in full; and makes a part hereto each and every

one of the above numbered paragraphs, inclusive of the allegations of facts contained in said

paragraphs.

183.    During all material times alleged herein, **Defendant Hanks** was Administrative

Assistant to the Superintendent of Schools of the Defendant, VWSD. As a result of **Defendant**

**Hanks'** acts and conduct, which were intentional and malicious, Plaintiff Malcolm was deprived

of her life, liberty and property, including employment benefits causing Plaintiff Malcolm to

suffer injury, damage and loss. Defendant Hanks **engaged in acts of racial, gender/sex, and**

*other-wised class-based*, invidiously discriminatory animus that resulted in damage and loss to Plaintiff Malcolm.

184.    Defendant Hanks along with Defendants Johnson and Walls conducted the Defendant, VWSD's internal investigation on January 18, 2013.  Defendant Hanks *intentionally, deliberately, willingly and knowing with malicious intent with depraved indifference and disregard* for Plaintiff Malcolm's marital status and class and sex as an African American/Black woman; and went along with  Defendant Johnson's "*false*" accusations of accusing Plaintiff Malcolm of accusing her forty-eight/nine (48/49) years old African/American male supervisor of sexual harassment; and created, encouraged, participated and engaged in subjecting Plaintiff Malcolm to an intolerably hostile work environment; and after coming to such a conclusion of allegations failed to inform Plaintiff Malcolm and failed to grant her the opportunity to clear her good name, reputation and good moral character; and allowed the lie to stand and spread throughout the school community and public community at large.

185.    Defendant Hanks full well knew that Plaintiff Malcolm did not accuse Defendant Spann of sexual harassment; and that  Defendants Swinford and Johnson used Plaintiff Malcolm's race, age and sex to accuse Defendant Spann of sexual harassment to assure non-renewal of Plaintiff Malcolm's employment for the 2013-2014 school years; and to encourage, create, participate and engage in a coalition charged and intolerable hostile work environment; and to force Plaintiff Malcolm out of her job for the 2012-2013 school years.

186.    Defendant Hanks' acts and conduct degraded, stereotyped and stigmatized Plaintiff Malcolm as a woman that has nothing better to do than to accuse her male supervisor of sexual harassment.

187.    As a result of said acts and conduct, including creating an intolerable hostile work

environment, participating and engaging in unlawful discriminatory and retaliatory acts; and going along with the actions of the Defendant, VWSD and **Defendant Johnson's** February 4, 2013 allegations of accusing Plaintiff Malcolm of accusing Defendant Spann of sexual harassment; and encouraged and went along with Defendants Defendant Spann and Defendant Chaussè's unlawful actions based on Plaintiff Malcolm race, age, sex and class as an African American/Black; Plaintiff Malcolm seeks recovery from Defendant Hanks; and the actions of Defendant Hanks were under color of law – and his <u>known</u> violations of the federally protected rights of Plaintiff Malcolm.

188.    As a result of said acts and conduct, Plaintiff Malcolm is entitled to any and all relief available to her, including but not limited to actual and compensatory damages.

### DEFENDANT DR. JOHN E. DEFENDANT WALLS, JR.

189.    Plaintiff Malcolm re-alleges and hereby incorporates by reference all prior paragraphs of the **Complaint** as set forth herein in full; and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

190.    During all material times alleged herein, **Defendant Walls** was Administrative Assistant to the Superintendent of Schools of the Defendant, VWSD. As a result of **Defendant Walls'** acts and conduct, which were intentional and malicious, Plaintiff Malcolm was deprived of her life, liberty and property, including employment benefits causing Plaintiff Malcolm to suffer injury, damage and loss. Defendant Walls **engaged in acts of racial, gender/sex, and other-wised class-based**, invidiously discriminatory animus that resulted in damage and loss to Plaintiff Malcolm.

191.    Defendant Walls along with Defendants Johnson and Hanks conducted the

Defendant, VWSD's internal investigation on January 18, 2013.  Defendant Walls *intentionally, deliberately, willingly and knowing with malicious intent with depraved indifference and disregard* for Plaintiff Malcolm's marital status and class and sex as an African American/Black woman; and went along with  Defendant Johnson's *"false"* accusations of accusing Plaintiff Malcolm of accusing her forty-eight/nine (48/49) years old African/American male supervisor of sexual harassment; and created, encouraged, participated and engaged in subjecting Plaintiff Malcolm to an intolerably hostile work environment; and after coming to such a conclusion of allegations failed to inform Plaintiff Malcolm and failed to grant her the opportunity to clear her good name, reputation and good moral character; and allowed the lie to stand and spread throughout the school community and public community at large.

192.    Defendant Walls full well knew that Plaintiff Malcolm did not accuse Defendant Spann of sexual harassment; and that on October 29, 2013, he and Plaintiff Malcolm discussed the matter, in which Plaintiff Malcolm specifically stated to Defendant Walls that Defendant Spann did not commit sexual harassment towards her and that she did not think that Defendant Spann's comment, *"Don't come in here trying to force yourself on me"*, was sexual in nature; and Defendant Walls agreed that he also did not believe that Defendant Spann's comment was an intent of soliciting and/or promoting unwelcoming sexual behaviors and/or conduct.

193.    Plaintiff Malcolm alleges that during their conversation on October 29, 2013, that Defendant Walls made the comment that, *"If it makes you feel better, you can force yourself on me anytime"*. Yet neither the Defendant, VWSD neither Defendants Swinford nor Defendant Johnson accused Defendant Walls of sexual harassment; and neither did the Defendant, VWSD neither Swinford nor Defendant Johnson accuse Plaintiff Malcolm of accusing Defendant Walls of sexual harassment for his comment to her, *"If it makes you feel better, you can force yourself*

54

*on me anytime.* The Defendant, VWSD and Defendant Johnson falsely accused Plaintiff

Malcolm of saying that Defendant Spann sexually harassed her based on his comment to her on

October 18, 2013, ***"Don't come in here trying to force yourself on me".***

194.   Neither did Defendant Johnson accuse Lum Wright, Director of Athletics of

sexual harassment when he took her by the face and kissed her in the mouth during a meeting.

Neither did Defendant Johnson accuse Mary McCraine ("McCraine") of sexual harassment when

she fondle over the Defendant, VWSD's School Resource Officer Dwayne Sims by rubbing his

biceps in a sexual manner. In April 2013, neither did the Defendant, VWSD accuse McCraine of

sexual harassment for telling Dwayne Sims' wife Tammy Sims that she just could not help

herself by fondling her husband because she loved herself some Dwayne Sims with his fine,

handsome, muscular self; and that she could not help herself from admiring and touching him

anytime see saw him; and that she knew he was someone else's husband, but she couldn't help it.

McCraine is a ***Caucasian*** female. Plaintiff Malcolm is an ***African American/Black female***.

195.   The Defendant, VWSD and Defendants Swinford and Defendant Johnson used

Plaintiff Malcolm's race, age and sex to accuse Defendant Spann of sexual harassment to assure

non-renewal of Plaintiff Malcolm's employment for the 2013-2014 school years; and to

encourage, create, participate and engage in a coalition charged and intolerable hostile work

environment; and to force Plaintiff Malcolm out of her job for the 2012-2013 school years.

196.   Defendant Walls' acts and conduct degraded, stereotyped and stigmatized

Plaintiff Malcolm as a woman that has nothing better to do than to accuse her male supervisor of

sexual harassment.

197.   As a result of said acts and conduct, including creating an intolerable hostile work

environment, participating and engaging in unlawful discriminatory and retaliatory acts; and going along with the actions of the Defendant, VWSD and **Defendant Johnson's** February 4, 2013 allegations of accusing Plaintiff Malcolm of accusing Defendant Spann of sexual harassment; and encouraged and went along with Defendants Spann and Chaussè's unlawful actions based on Plaintiff Malcolm race, age, sex and class as an African American/Black; Plaintiff Malcolm seeks recovery from Defendant Walls; and the actions of Defendant Walls were under color of law – and his <u>known</u> violations of the federally protected rights of Plaintiff Malcolm.

198.    As a result of said acts and conduct, Plaintiff Malcolm is entitled to any and all relief available to her, including but not limited to actual and compensatory damages.

## **DEFENDANT EDDIE L. DEFENDANT SPANN**

199.    Plaintiff Malcolm re-alleges and hereby incorporates by reference all prior paragraphs of the **Complaint** as set forth herein in full; and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

200.    During all material times alleged herein, **Defendant Spann** was Director of Special Education of the Defendant, VWSD. During all material times alleged herein, **Defendant Spann** was Plaintiff Malcolm's immediate and direct supervisor of the Defendant, VWSD.

201.    As a result of **Defendant Spann's** acts and conduct, which were intentional and malicious, Plaintiff Malcolm was deprived of her life, liberty and property, including employment benefits causing Plaintiff Malcolm to suffer injury, damage and loss. Defendant Spann **engaged in acts of racial, sex-based, and other-wised class-based**, invidiously discriminatory animus that resulted in damage and loss to Plaintiff Malcolm.

202.     During the 2011-2012 school years, Plaintiff Malcolm commenced employment with the Defendant, VWSD on or about February 3, 2012 as the Central Office Special Education Secondary Instructional Specialist. Defendants Defendant Spann and Defendant Johnson recommended Plaintiff Malcolm for the position and Defendant Swinford made final recommendation to the Board of Trustees, who approved Plaintiff Malcolm's employment for the 2011-2012 school years.

203.     Defendants Spann, Johnson and Swinford also made recommendations that the Defendant, VWSD Board of Trustees renew Plaintiff Malcolm's employment for the 2012-2013 school years; and the Board of Trustees approved Plaintiff Malcolm's employment for the 2012-2013 school years. Plaintiff Malcolm was an exceptional employee and was performing her duties as instructed and/or allowed by district administration, including Defendants Defendant Spann, Johnson, Swinford and Defendant Chaussè.

204.     On October 4, 2012, while eating out for lunch with colleagues, Rosemary Wilson ("Wilson") and Trina Smith ("Smith") at Rowdy's Restaurant in Vicksburg, Mississippi, Defendant Spann joined us for lunch. During lunch Defendant Spann accused Plaintiff Malcolm of trying to take his job as Director of Special Education. Plaintiff Malcolm assured him that was not the case and that his information was inaccurate.

205.     On October 18, 2012, Plaintiff Malcolm went to Defendant Spann's office to discuss a student, J.C.C., Defendant Spann became belligerent, rude and downright nasty; and accused Plaintiff Malcolm of trying to force herself on him. Defendant Spann blurted out to Plaintiff Malcolm, ***"Don't come in here trying to force yourself on me"***.

206.     Plaintiff Malcolm became horrified, upset, offended and annoyed by Defendant

Defendant Spann's allegations towards her and immediately left his office and called Defendant Johnson. Plaintiff Malcolm also left to go to her apartment, but Defendant Johnson told her not to and to go somewhere to get some coffee and to please just calm down. Plaintiff Malcolm followed Defendant Johnson's instruction and/or directives.

207.    Later that same day, Defendant Spann asked Plaintiff Malcolm to ride with him over to Warren Central High School because one of the district's students had been killed in a car accident. Plaintiff Malcolm followed the directives of her supervisor. Not thinking, due to the seriousness and sadness of the situation of a student being killed, Plaintiff Malcolm rode over to the school with Defendant Spann. On the ride over, Plaintiff Malcolm asked Defendant Spann about his comment to her and if he meant anything *"sexual in nature"* by his comment *"Don't come in her trying to force yourself on me"*, and told him that she was going *"to quit her job"* because he could not speak to her that way and that she was not sure the intent of his comment and/or whether his comment was not sexual in nature.

Plaintiff Malcolm told him how displeased, offensive and horrified she was by his actions and comment toward her. Defendant Spann apologized and pleaded with Plaintiff Malcolm not to quit and told her that he did not mean anything sexual in nature. Defendant Spann assured Plaintiff Malcolm that his comment to her was not an explicit sexual comment.  Plaintiff Malcolm was a new employee and did not want to cause any problems on her job; and accepted Defendant Spann's apology; and tried to move forward by performing her duties as instructed and as much as she was allowed to by district administration, however as set forth herein the Defendant, VWSD would not allow her to and began a relentless and reckless campaign against her to falsely accuse her of accusing Defendant Spann of  sexual harassment and to non-renew

her employment contract for the 2012-2013 and to force her out of her employment for the 2012-2014 school years.

208.    Later, that afternoon and after the school day on October 18, 2012, Defendant Defendant Johnson spoke with Plaintiff Malcolm to try to convince her that Defendant Spann's comment was indeed *"explicitly sexual in nature"* and that Plaintiff Malcolm should write up the incident and say that Defendant Spann had sexually harassed her. Defendant Johnson even called two people, a male and female to convince Plaintiff Malcolm of the same. Defendant Johnson told Plaintiff Malcolm that it for the Defendant, VWSD to decide after investigation whether Defendant Spann's actions and conduct were sexual harassment; and not for Plaintiff Malcolm to decide.

209.    From October 18, 2012 through February 1, 2013, Defendant Johnson relentlessly and exhaustingly tried to convince Plaintiff Malcolm that Defendant Spann's comment to her was an explicitly sexual comment and that his comment was sexual harassment; and considered unwelcomed and/or advanced sexual behavior.

210.    After the incident, Plaintiff Malcolm's work environment became intolerably hostile and progressively worst as the months went on, e.g., Defendant Johnson became reckless and relentless in trying to convince and get Plaintiff Malcolm to say and put in writing that Defendant Spann had sexually harassed her even to the point of giving Plaintiff Malcolm permission to travel to Rochester, New York on October 19 through October 25, 2012 to go to get away from Defendant Spann's harassing behavior; and the situation. Defendant Johnson was pressuring Plaintiff Malcolm to speak with her husband and to then come back to work and charge Defendant Spann with sexual harassment.

211.    Further, Defendant Spann began a campaign of harassment toward Plaintiff

Malcolm, which included accusing Plaintiff Malcolm on November 6, 2012 of trying to take

Wilson, Early Childhood and Transition Coordinator's job; and accusing her on January 16,

2013 of trying to Wanda Davis ("Davis"), Secretary's job; on or about November 26, 2012

Defendant Spann would write Plaintiff Malcolm a negative letter of reference and made request

of any potential employer that, ***"Your receipt of this letter of recommendation is greatly***

***appreciated"***; Defendant Spann began to refuse to allow Plaintiff Malcolm to attend educational

workshops and wrote a statement of Defendant Chaussè on or about January 29, 2013 stating, *"*

***Heidi, I just received this from Mrs. Malcolm and its is dated January 16, 2013. Mrs. Malcolm***

***just came from Gulfport, I day in Wilkinson County and now wants to go somewhere again. I***

***am denying this request"***. As evidenced and set forth herein, Defendants Defendant Spann also

continued to be Plaintiff Malcolm's immediate and direct supervisor as well; and even after the

internal investigation of January 18, 2013, Defendant Johnson's letter dated January 22, 2013;

and after Chausse was also made Plaintiff Malcolm's immediate and direct supervisor on or

about February 4, 2013; and after the Defendant, VWSD charged him with sexual harassment

towards Plaintiff Malcolm on or about February 4, 2013.

212.    Further, Defendant Spann would make Plaintiff Malcolm sit in his office on

several occasions and would not allow her to leave until her said so even though he did not want

anything with her; Defendant Spann would began to refuse to pay Plaintiff Malcolm for mileage

after an educational workshop, but would pay Wilson and others. Defendant Spann refused to

pay Plaintiff Malcolm mileage for a trip to Wilkinson County on January 28, 2013 after she had

to drive her on vehicle because the time that was coordinated for the van to leave the special

education office was changed; and no one let Plaintiff Malcolm know of the change; this was the

second time an incident like this had occurred. Wilson drove her vehicle and Defendant Spann

paid her for her mileage.

213.    Further, Defendant Spann would allow other staff to leave for Christmas break

early, but refused to allow Plaintiff Malcolm to do the same; and after her colleagues were

leaving and in fear that she would be left alone in the office with Defendant Spann, Plaintiff

Malcolm contacted Defendant Johnson and informed her what was happening; and Defendant

Johnson told her to  leave;  on one occasion, Defendant Spann stood in close proximity to

Plaintiff Malcolm by standing over her after her wrote the letter of recommendation, brushed

against her and asked if that was what she wanted; Defendant Spann would continue his

intentional and horrific professional harassment towards Plaintiff Malcolm even after Defendant

Johnson in her January 22, 2013; and during the February 4, 2013 meeting told him not to have

any further contact with Plaintiff Malcolm.

214.    Further, on or about February 4, 2013, the Defendant, VWSD by and through its

authorized agent Defendant Johnson acting with the scope of her duties; and after investigation

of Plaintiff Malcolm's harassment complaints against Defendant Spann; the Defendant, VWSD

***charged Defendant Spann with sexual harassment even though Plaintiff Malcolm stated that***

***she did not believe that Defendant Spann's actions were explicit sexual harassment.*** In other

words, Plaintiff Malcolm did not believe that Defendant Spann was bullying and coercing her in

a sexual nature and/or making unwelcome or inappropriate promise of rewards in exchange for

sexual favors, ***but that Defendant Spann unwanted actions and conduct were professional***

***harassment based on her sex and employee status as a new employee; and abusing power over***

***her as her supervisor to control her.*** The Defendant, VWSD did not see it that way and charged

Defendant Spann with sexual harassment of Plaintiff Malcolm.

215.     Further, in close proximate to Plaintiff Malcolm's motor vehicle accident of February 13, 2013; on or about February 20, 2013, Defendant Spann clearly operating and acting within the scope of his duties as the Director of Special Education would change the Office Protocols and emailed Plaintiff Malcolm a copy even though he was told not to have *"any"* further contact with Plaintiff Malcolm; the changes included leave request, documentation of work hours, removing religious and/or religious affiliated messages from email, work climate/ work place security, professional development and transportation.

216.     Defendant Spann *intentionally, deliberately, willingly and knowing with malicious intent with depraved indifference and disregard* for Plaintiff Malcolm's marital status and class and sex as an African American/Black woman; and created, encouraged, participated and engaged in subjecting Plaintiff Malcolm to an intolerably hostile work environment. Defendant Spann full well knew that Plaintiff Malcolm did not accuse him of sexual harassment. The Defendant, VWSD and Defendant Johnson's maliciously false allegations towards Plaintiff Malcolm to cause nonrenewal of her employment for the 2013-2014 school years, irreversibly damage to her professional reputation and good moral character; and to force her out of her employment for the 2012-2013 school years.

217.     The Defendant, VWSD and Defendants Swinford and Defendant Johnson used Plaintiff Malcolm's race, age and sex to accuse Defendant Spann of sexual harassment to assure non-renewal of Plaintiff Malcolm's employment for the 2013-2014 school years; and to encourage, create, participate and engage in a coalition charged and intolerable hostile work environment; and to force Plaintiff Malcolm out of her job for the 2012-2013 school years.

Defendant Spann's acts and conduct degraded, stereotyped and stigmatized Plaintiff Malcolm as a woman that has nothing better to do than to accuse him; as her male supervisor of sexual harassment.

218.     Upon information and belief, Defendant Spann's employment was non-renewed for the 2013-2014 school years; and he made request of and was granted a hearing by the Defendant, VWSD on or about May 30, 2013; as a resulted of the hearing nothing was placed in his personnel file; and the VWSD Board of Trustees agreed that the Board's attorney would send him a letter; and inform him that he would not be retaliated against for bringing a charge of discrimination against the Vicksburg Warren School District on or about March 11, 2013.

219.     As a result of said acts and conduct, including creating an intolerable hostile work environment, participating and engaging in unlawful discriminatory and retaliatory acts; and going along with the actions of the Defendant, VWSD and **Defendant Johnson's** February 4, 2013 allegations of accusing Plaintiff Malcolm of accusing Defendant Spann of sexual harassment; and encouraged and went along with Defendants Swinford and Johnson's unlawful actions based on Plaintiff Malcolm race, age, sex and class as an African American/Black; Plaintiff Malcolm seeks recovery from Defendant Spann; and the actions of Defendant Spann were under color of law – and his <u>known</u> violations of the federally protected rights of Plaintiff Malcolm.

220.     As a result of said acts and conduct, Plaintiff Malcolm is entitled to any and all relief available to her, including but not limited to actual and compensatory damages.

### DEFENDANT HEIDI R. DEFENDANT CHAUSSÈ

221.     Plaintiff Malcolm re-alleges and hereby incorporates by reference all prior

paragraphs of the *Complaint* as set forth herein in full; and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

222.     During all material times alleged herein, *Defendant Chaussè* was Assistant Director of Special Education of the Defendant, VWSD and supervised by Defendant Spann. During all material times alleged herein, *Defendant Chaussè* was not Plaintiff Malcolm's immediate and direct supervisor until February 4, 2013, but was the other supervisor in the office that Plaintiff Malcolm and others reported to in the absence of Defendant Spann, e.g., when Defendant Johnson placed Defendant Spann on paid administrative leave in April 2012 for insubordination.

223.     In direct proximate to the Defendant, VWSD's internal investigation on about January 18, 2013; on or about February 4, 2013, the Defendant, VWSD and Defendants Johnson and Swinford acting within the scope of their duties as Superintendent of Schools and Assistant Superintendent of School respectively, made Defendant Chaussè, the Assistant Director of Special Education; and a Caucasian female, Plaintiff Malcolm's immediate and direct supervisor to report to instead of Defendant Spann.

224.     On the very same day, February 4, 2013 and immediately after becoming Plaintiff Malcolm's immediate and direct supervisor, Defendant Chaussè informed Plaintiff Malcolm that she would not recommend her for employment for the 2013-2014 school years and handed her a letter stating the same. The VWSD, Defendant did not make Defendant Chaussè any other special education staff immediate and direct supervisor with the exception of Plaintiff Malcolm.

225.     On February 6, 2013, Defendant Chaussè sent out and email to the special

education central office staff stating, ***"I have been asked to inform you all that Ms. Malcolm reports to me instead of Mr. Defendant Spann. Please notify me of messages she may leave in the office. Thank you, "Heidi"***. In less than one week of that communication on February 12, 2013; and after becoming Plaintiff Malcolm's direct and immediate supervisor Defendant Chaussè operating and acting within the scope of her duties began her own campaign of unlawful harassment, discrimination and retaliation against Plaintiff Malcolm.

226.    Defendant Chaussè was in full knowledge of Defendant Spann's harassment towards Plaintiff; and that Plaintiff Malcolm had complained to her and other district level administration about Defendant Spann's harassment towards her. Defendant Chaussè was also in full knowledge that Defendant Johnson had published and wrote Defendant Spann a letter on February 4, 2013 accusing him of sexual harassment by making false claim that Plaintiff Malcolm had accused Defendant Spann of sexual harassment. Defendant Chaussè was also in full knowledge that Plaintiff Malcolm had not accused Defendant Spann of sexual harassment, but allowed the lie to spread; and continued to promote an intolerable hostile work environment, encouraged, participated and promoted the lie within the school community and the public community at large; and in the Defendant, VWSD continued pattern and practice of unlawful discrimination and retaliation against Plaintiff Malcolm for participating in the Defendant, VWSD's internal investigation; and continued in an effort to force Plaintiff Malcolm out of her employment for the 2012-2013 school years.

227.    On or about February 12, 2013, Defendant Chaussè wrote Plaintiff Malcolm a disciplinary letter making allegations that Plaintiff Malcolm had not submitted leave sheets for the dates of August 6, 7, 8, 8, 13, and 14, 2012; and October 22, 23, 24, 25 and 26, 2012; and accusing her of twelve (12) unaccounted leave days; and stated that any response Plaintiff

Malcolm may have would be attached and placed in her personnel file. Plaintiff Malcolm

responded by letter the same day by informing Defendant Chaussè that her actions against her

were harassment, discriminatory and retaliatory as Defendant Chaussè was in full knowledge

that Defendant Johnson and Defendant Spann acting in the scope of their duties authorized

Plaintiff Malcolm's leave days for August 6, 7, 8, 8, 13, and 14, 2012; and that Defendant

Johnson acting in the scope of her duties authorized Plaintiff Malcolm leave days for October 22,

23, 24, 25 and 26, 2012.

228.    Defendant Chaussè's actions and conduct was in retaliation of Plaintiff Malcolm's

participation in the Defendant, VWSD's internal investigation; and an concerted effort with the

Defendant, VWSD after the nonrenewal of Plaintiff Malcolm's employment for the 2013-2014

school years to continue to stack her personnel files with negative and derogatory employment

information.

229.    On or about February 13, 2013, Plaintiff Malcolm was involved in a car accident.

Plaintiff Malcolm would provide the Defendant, VWSD her medical excuses as soon as

reasonable. Further, Defendant Johnson acting within the scope of her duties would tell Plaintiff

Malcolm that she would inform the necessary district administration on Plaintiff Malcolm

medical status, as Defendant Johnson was the one that Plaintiff Malcolm communicated with and

provided her medical excuses to provide to the Defendant, VWSD, including Defendant

Chaussè.  After Defendant Chaussè began to make claim and make allegations that she was no

receiving Plaintiff Malcolm's medical excuses, Plaintiff Malcolm began mailing her medial

excuses to the Defendant, VWSD; and specifically to Defendant Chaussè.

230.    On or about February 21, 2013, Defendant Chaussè continued to make

false allegations and claim that she was not in receipt of and/or receiving Plaintiff Malcolm

medical excuses. These claims came one (1) day after Defendant Spann changed the office

protocol for requesting leave. While at home still recuperating from her injuries, Defendant

Chaussè sent Plaintiff Malcolm a certified disciplinary letter accusing her of not following

absentee procedures; and informed her that she had four (4) unexcused and unreported absences

even though Plaintiff Malcolm had informed the Defendant, VWSD of her medical absences;

and even though the Defendant, VWSD and Defendant Chaussè was in full knowledge and

aware that Plaintiff Malcolm had been involved in a five-car pile-up.

231.     Prior to Plaintiff Malcolm's accident she and/or no other employee was required

to call in Sunday through Monday in regard to leave; and/or anticipated leave. Until Plaintiff

Malcolm's accident the leave policy was flexible for all employees. However, on or about

February 22, 2013, in an honest and good faith effort to try to comply with Defendant Spann's

directives and new office protocol, Plaintiff Malcolm contacted Defendant Chaussè for direction

and/or guidance.  Plaintiff Malcolm sent an email stating in relevant part, ***"Also, as my newly***

***direct supervisor, am I to start following this new office protocol or are my doctor excuses***

***sufficient? Please provide me with some guidance. Thank you."***

232.     Defendant Chaussè did not respond and neither would she provide Plaintiff

Malcolm with a copy of the Defendant, VWSD's policy manual and guidelines; and including

policies regarding leave. Plaintiff Malcolm again sent Defendant Chaussè an email which states

in relevant part, ***"Also, since I have not heard back from you. I want to make sure that I am***

***proactive in following the new procedures in case I am to. I mailed a copy of my recent***

***doctor's excuse and if Sped and/or you have not received it, please let me know and I will send***

*another by Johnson. I will wait for your directive on how you would like me to proceed on the*

*new office protocols and please let me know prior to Monday".*

233.    After the accident, Plaintiff Malcolm was intermittently out of work under

doctor's medial release from February 13, 2013 through April 2013. In March 2013, Plaintiff

Malcolm would make request from Zena Keen, Director of Human Resources for information

regarding FMLA; and whether she was eligible for FMLA, but the Defendant, VWSD did not

respond to her request for information regarding FMLA; and did not grant her request for

FMLA.

234.    As a result of **Defendant Chaussè's** acts and conduct, which were intentional and

malicious, Plaintiff Malcolm was deprived of her life, liberty and property, including

employment benefits causing Plaintiff Malcolm to suffer injury, damage and loss. **Defendant**

**Chaussè engaged in acts of racial, gender/sex, and other-wised class-based**, invidiously

discriminatory animus that resulted in damage and loss to Plaintiff Malcolm.

235.    Defendant Chaussè along with Defendants Swinford, Johnson, Spann,

Hanks and Walls committed intentional and deliberate unlawful acts against Plaintiff Malcolm.

Defendant Chaussè **intentionally, deliberately, willingly and knowing with malicious intent**

**with depraved indifference and disregard** for Plaintiff Malcolm's marital status and class and

sex as an African American/Black woman; and went along with  Defendant Johnson's **"false"**

accusations of accusing Plaintiff Malcolm of accusing her forty-eight/nine (48/49) years old

African/American male supervisor of sexual harassment; and created, encouraged, participated

and engaged in subjecting Plaintiff Malcolm to an intolerably hostile work environment.

236.    Defendant Chaussè full well knew that Plaintiff Malcolm did not accuse

Defendant Spann of sexual harassment; and that she was in full knowledge and aware that Defendant Spann was intentionally and deliberately harassing Plaintiff Malcolm even to the point that she at first began to support Plaintiff Malcolm, however, that would all change on February 4, 2013.

237.    Defendant Chaussè full well knew that Defendants Johnson and Spann have given Plaintiff Malcolm permission; acting within the scope of their supervisory duties gave Plaintiff Malcolm permission to be absent from August 6-13, 2012. Defendant Chaussè also full well knew that Defendant Johnson had given Plaintiff Malcolm permission; and acting in the scope of her supervisory duties gave Plaintiff Malcolm permission to be absent from October 22-26, 2012. Defendant Chaussè also knew that Plaintiff Malcolm had already submitted leave forms for those days to Defendant Spann.

238.    The Defendant, VWSD and Defendants Swinford and Defendant Johnson used Plaintiff Malcolm's race, age and sex to accuse Defendant Spann of sexual harassment to assure non-renewal of Plaintiff Malcolm's employment for the 2013-2014 school years; and to encourage, create, participate and engage in a coalition charged and intolerable hostile work environment; and to force Plaintiff Malcolm out of her job for the 2012-2013 school years. Defendant Chaussè's acts and conduct degraded, stereotyped and stigmatized Plaintiff Malcolm as a woman that has nothing better to do than to accuse her male supervisor of sexual harassment.

239.    As a result of said acts and conduct, including creating an intolerable hostile work environment, participating and engaging in unlawful discriminatory and retaliatory acts; and going along with the actions of  the Defendant, VWSD and **Defendant Johnson's** February 4, 2013 allegations of accusing Plaintiff Malcolm of accusing Defendant Spann of sexual

harassment; and encouraged and went along with Defendants Johnson, Walls, Hanks, and Swinford's unlawful actions based on Plaintiff Malcolm race, age, sex and class as an African American/Black; Plaintiff Malcolm seeks recovery from Defendant Chaussè; and the actions of Defendant Chaussè were under color of law – and her known violations of the federally protected rights of Plaintiff Malcolm.

240.    As a result of said acts and conduct, Plaintiff Malcolm is entitled to any and all relief available to her, including but not limited to actual and compensatory damages.

## DEFENDANT JOHN DOE (1-10)

241.    Plaintiff Malcolm re-alleges and hereby incorporates by reference all prior paragraphs of the ***Complaint*** as set forth herein in full; and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

242.    At all material times to this Complaint, the individual officers, directors, supervisors, managers, employees and/or agents mentioned herein, acted within the scope of their duties as officers, directors, supervisors, managers, employees and/or agents of the Defendant, VWSD and under the color of state law.

243.    As a result of said acts and conduct, Plaintiff Malcolm is entitled to any and all relief available to her, including but not limited to actual and compensatory damages.

## COUNT VI

## DISCRMINATION AND RETALIATION

244.    Plaintiff Malcolm re-alleges and hereby incorporates by reference all prior

paragraphs of the *Complaint* as set forth herein in full; and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

245.    In retaliation to Plaintiff Malcolm filing a <u>second</u> *Charge of Discrimination Against the Vicksburg Warren School District*; in July 2013, the Defendant, VWSD claimed that Plaintiff Malcolm's contract was non-renewed for the 2013-2014 school years because Plaintiff Malcolm (1) did not comply with the district's policy on leave; and (2) because Plaintiff Malcolm exhibited issues from taking instructions from district management.

246.    At no time prior to *July 2013*, did the Defendant, VWSD, its officers, directors, supervisors, managers, employees and/or agents, including the Defendant, Board of Trustees inform Plaintiff Malcolm and/or provide a reason to Plaintiff Malcolm for the non-renewal of her employment for the 2013-2014 school years. The Defendant, VWSD's *July 2103* claims that Plaintiff Malcolm did not comply with the district's leave policy and exhibited issues with taking instructions from district management was in retaliation; and to circumvent their illegal and unlawful discriminatory and adverse employment action against Plaintiff Malcolm and to cover-up the horrific and intolerable work environment, conduct and actions of its officers, supervisors, directors, managers, employees and/or agents, who were acting within the scope of their duties; and abusing Plaintiff Malcolm. It was not until *October 2013*, nine (9) months *after* non-renewal of her employment; that Plaintiff Malcolm learned the Defendant, VWSD's falsely claimed reasons for the non-renewal of her employment for the 2013-2014 school years.

247.    Plaintiff Malcolm would show that in *Burlington Northern v. White, 548 U.S. 53 (2006)*, the United States Supreme Court held that the anti-retaliation provision referred to herein, is not confined to actions that are related to employment or occur in the workplace.

In **Burlington Northern**, *supra*, the Supreme Court adopted the Seventh Circuit's approach and announced that **actions that are harmful** to the point that they could well **dissuade a reasonable worker** from making or supporting a charge of discrimination. Defendants engaged in such conduct in the case, *sub judice*.

248.    Plaintiff Malcolm filed her charge of discrimination and retaliation under Title VII with the EEOC and the actions taken against her since filing this EEOC action would **dissuade a reasonable worker** from engaging in such protected activity.

249.    After the termination of employment in March 2013, Plaintiff Malcolm has faced Further retaliation and reprisal from the Defendants, SSD, et al that has caused the Plaintiff Malcolm and her family to suffer injury, damage and loss.

250.    Plaintiff Malcolm would show that Title VII clearly **prohibits** retaliation against employees that bring discrimination claims; and that as a result of said retaliation, Plaintiff Malcolm is entitled to recover actual and compensatory damages from the Defendants, SSD, et al. *42 U.S.C. Section 2000e-3 (a) 2006.*

## COUNT VI

## CONSPIRACY UNDER SECTION 1985

251.    Plaintiff Malcolm re-alleges and hereby incorporates by reference all prior paragraphs of the **Complaint** as set forth herein in full; and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

252.    Plaintiff Malcolm alleges that the Defendant, VWSD, Defendants Swinford, Johnson, Spann, Hanks, Walls and Chaussè along with unknown John Doe (1-10) colluded and conspired together to falsely accuse Plaintiff Malcolm of accusing Defendant Spann of sexual

harassment; nonrenewal of her employment, false claims of not complying with sick leave; false claims of exhibiting issues with taking instruction from district management; creation of a coalition charged and intolerable work environment; sham internal investigation; forcing Plaintiff Malcolm to resign; publishing Plaintiff Malcolm's involuntary resignation to stigmatize and cause irreversibly harm to her character and reputation; degrading and demeaning her as an African American/Black female; but not limited to.

## COUNT VII
## PUNITIVE DAMAGES

253.    Plaintiff Malcolm re-alleges and hereby incorporates by reference all prior paragraphs of the *Complaint* as set forth herein in full; and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

254.    The actions and conduct of the individual Defendants as alleged herein were done in such willful and wanton disregard for the rights of Plaintiff Malcolm, that she is entitled to recover of, from, and against the individual Defendants named herein, punitive damages over and above the actual and compensatory damages sustained by Plaintiff Malcolm as a result of Defendants' intentional conduct and willful and wanton violation of the rights of Plaintiff Malcolm and to deter such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** based on the foregoing allegations, Plaintiff, **BERNICE MALCOLM,** requests the Court to assume jurisdiction over this cause, and upon a hearing of the merits in this cause, grant the following relief:

a.      Order Defendants to reinstate Plaintiff Malcolm to the position of Central Office

***Special Education Secondary Instructional Specialist,*** free from all reprisals, at the Defendant,

VWSD, Central Office Special Education Department in Vicksburg, Mississippi, with full back

pay, front pay; and benefits as a result of her placement in the sought position;

b.      Award Plaintiff Malcolm back pay as allowed by law and all other damages to

which she is entitled in the premises as a result of the acts, conduct and deprivations alleged

herein by the Defendant Vicksburg Warren School District.

c.      Award actual and compensatory damages in the amount of $500,000.00 against

the Defendant Vicksburg Warren School District; and any other allowable damages under Title

VII of the Civil Rights Act of 1964, as amended, for discrimination and retaliation in the

workplace.

d.      Award Plaintiff Malcolm a judgment against Defendants, Stanton, et al, jointly

and severally, in the amount of ***$5,000,000.00*** for her actual and compensatory damages to which

she is entitled for injury, damage, and loss suffered as a result of Defendants' violations as set

forth herein.

e.      Award Plaintiff Malcolm punitive damages against the individual Defendants

jointly and severally in the amount of ***$500,000.00*** for the willful and wanton conduct that was

intentional, premeditated, and in violation of Plaintiff's federal and state protected rights, said

damages to be assessed to deter such conduct in the future.

f.      Award Plaintiff Malcolm all costs and attorney's fees incurred in the prosecution

of this action.

g.      Order Defendants, VWSD, et al, their officers, managers, supervisors, directors,

agents, employees, successors, assigns, and all persons in active concert or participation with

them from engaging in any defamation of Plaintiff Malcolm's character and professional

reputation and to **_purge Plaintiff Malcolm's personnel file_** of any and all derogatory, negative;

and false documents and/or employment information; and her non-renewal by the Defendant,

VWSD; to provide any and all injunctive relief that Plaintiff Malcolm may be entitled to in the

premises.

      h.     Award Plaintiff Malcolm any and all such other and further relief as may be

necessary and proper and to which she is otherwise entitled pursuant to the provisions of *42*

*U.S.C. §1983,* and *Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;*

and other applicable law of the State of Mississippi that applies in the case, *sub judice.*

      **RESPECTFULLY SUBMITTED**, this the 20th day of October, 2014.

           **BERNICE MALCOLM, PLAINTIFF**

           BY: _____

                 **FRANK J. DANTONE, JR.**

                 **HER ATTORNEY**

**FRANK J. DANTONE, JR.**
**LAW OFFICES OF HENDERSON, DANTONE, PA**
241 Main Street
Greenville, Mississippi 38701-4062
Telephone (601) 378-3400
Facsimile (601) 378-3413
MBIN: 5792

**Mailing Address**:
**LAW OFFICES OF HENDERSON, DANTONE, PA**
P.O. Box 778
Greenville, Mississippi 38702-0778
Telephone (601) 378-3400
Facsimile (601) 378-3413

**ATTORNEY FOR PLAINTIFF, BERNICE MALCOLM**

           **REQUEST FOR TRIAL BY JURY**