UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BERNICE MALCOLM                                                                                              PLAINTIFF

v.                                                                                   CIVIL ACTION NO. 3:14cv853-DPJ-FKB

VICKSBURG WARREN SCHOOL DISTRICT
BOARD OF TRUSTEES, et al.                                                                              DEFENDANTS

ORDER

This pro se employment-discrimination dispute is before the Court on Plaintiff Bernice Malcolm's Motion for Reconsideration [166] of the Court's Order [164] granting summary judgment for Defendants. Because Malcolm has not demonstrated a basis for relief under Federal Rule of Civil Procedure 60(b), her motion is denied.

I.      Facts and Procedural History

This suit involved an employment dispute between Plaintiff Bernice Malcolm, her colleagues, and her employer, the Vicksburg Warren School District. The Court dismissed Malcom's claims with prejudice on August 8, 2016, when it granted Defendants' motion for summary judgment. Order [164] Aug. 8, 2016. The facts, claims, and grounds for the Court's ruling are set forth in that order and are fully incorporated herein.

Following the entry of Final Judgment, Malcolm filed the instant motion on September 6, 2016, seeking reconsideration of the Court's findings. She also submitted (1) a 17-page memorandum [167]; (2) a 97-paragraph affidavit followed by 139 pages of exhibits [168]; and (3) a 20-page supplemental memorandum [169]. That same day, she filed a notice of appeal [170]. Defendants responded in opposition to the motion for reconsideration, and Malcolm failed to reply.

II.     Analysis

Malcolm moved this Court for reconsideration under Federal Rules of Civil Procedure 52(b), 54, 59, and 60.  Pl.'s Mem. [167] at 2.  Generally speaking, "[t]he Federal Rules do not recognize a 'motion for reconsideration.'"  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).  But

> [a] motion asking the court to reconsider a prior ruling is evaluated either as a motion to "alter or amend a judgment" under Rule 59(e) or as a motion for "relief from a final judgment, order, or proceeding" under Rule 60(b). The rule under which the motion is considered is based on when the motion was filed. *Texas A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60.  *Id.*

*Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012).  Based on the timing of Malcolm's motion, the Court considers it under Rule 60(b).[1]

Under Rule 60(b), the court has discretion to "relieve a party . . . from a final judgment" under six circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

---

[1] The three-day extension under Rule 6(d) is not applicable in this context.  *See Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 467 (5th Cir. 1998) ("[T]he plain language of the rules, well-settled hornbook law, and every other circuit to address the issue ha[ve] rejected the applicability of rule 6(e) to rule 59(e).") (construing the 3-day service provision when it was subsection e).  Thus, Malcolm's 28-day period to file a motion under Rule 59(e) expired on September 5, 2016, one day before she filed the instant motion.

Fed. R. Civ. P. 60(b).

Malcolm references Rule 60(b) generally in her "Standard of Review," but never directly invokes any of its six subparts. And in her supporting memoranda, she does not appear to invoke—much less satisfy—any of the first five. Looking then to the catch-all provision in Rule 60(b)(6), the Court can grant relief for "any other reason that justifies" it. *Id.* 60(b)(6). But this provision is "meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions" and "will be granted only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). According to the Fifth Circuit Court of Appeals, certain factors

> inform the district court's consideration of a motion under Rule 60(b): (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack. These factors are to be considered in the light of the great desirability of preserving the principle of the finality of judgments.

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).[2]

---

[2] There is some question whether these factors apply to Rule 60(b)(6). *Compare Diaz v. Stephens*, 731 F.3d 370, 377, 376 n.1 (5th Cir. 2013) (assuming arguendo that factors apply to Rule 60(b)(6) but stating, "Judge Jones notes that *Seven Elves* reflects factors most applicable to relief sought under Rule 60(b)(1)-(5), provisions that enumerate specific grounds for relief"), *with Borne v. River Pars. Hosp., L.L.C.*, 548 F. App'x 954, 959 (5th Cir. 2013) (applying *Seven Elves* to Rule 60(b)(6) motion). Numerous district courts have considered these factors under Rule 60(b)(6). *See, e.g., Winkfield v. Stephens*, No. 3:13-CV-3651-L (BH), 2015 WL 3456625, at *2 (N.D. Tex. May 8, 2015). Accordingly, this Court assumes they apply.

Significantly, "[a] motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005); *see also US Bank Nat'l Ass'n v. Budnick*, 626 F. App'x 438, 441 (5th Cir. 2015) (finding "no extraordinary circumstances" where movant asserted arguments it "could have raised" before judgment). Similarly, "a district court's equitable powers under section (b)(6) do not extend to considering evidence that could have been presented at trial." *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995) (citing *United States v. 329.73 Acres of Land, More or Less*, 695 F.2d 922, 926 (5th Cir. 1983) ("This clause of the Rule provides a grand reservoir of equitable power to do justice in a particular case, but that well is not tapped by a request to present evidence that could have been discovered and presented at trial through the exercise of due diligence." (internal quotation marks omitted)).

Applying these principles, the Court concludes that Malcolm has not presented extraordinary circumstances that justify disturbing final judgment. To begin, Malcolm received a full and fair opportunity to oppose summary judgment before the Court entered final judgment on the merits. Indeed, her present motion offers a mix of old and "new" arguments and evidence, all of which was available to her before judgment was entered. Most notably, she now offers her own 97-paragraph affidavit—which is largely self-serving and inadmissible—though she could have generated that document long ago. The Court also notes that Malcolm offers no valid excuse for failing to offer her new arguments and evidence before judgment, and there have been no intervening equities justifying relief. As for her renewed arguments, Rule 60(b)(6) is not a substitute for appeal, and the Court has not changed its mind regarding those claims.

Even if the Court were to examine Malcolm's arguments more substantively, she would fall short under Rule 60(b)(6). Malcolm seeks to "correct[] a clear error of law and prevent[]

manifest injustice." Pl.'s Mem. [167] at 2. Specifically, she argues the following: (1) she was an "employee" entitled to a hearing on her contract renewal under Mississippi law, (2) certain evidence previously presented precluded summary judgment, (3) Defendants' reasons for not renewing her contract are pretext for discrimination, (4) she established a breach-of-employment-contract claim, and (5) the Court erred by failing to apply the cat-paw theory.[3] The Court will address each argument in turn.

    First, Malcolm asserts that the Court erred in finding that she "was not entitled to a hearing related to the non-renewal of her contract because she was not considered an employee under the [Education Employment Procedures Law ("EEPL")]." Order [164] at 22 (citing Miss. Code Ann. § 37-9-103(a)–(b)). Malcolm argues this point in two ways. First, she suggests that she was employed as of February 3, 2012, so she had completed the one year of employment necessary to be considered an employee before the February 4, 2013 termination. *See* Pl.'s Mem. [167] at 4–5. This argument could have been made before, is not supported by citation to competent record evidence, and is repudiated by the contract she signed February 6, 2012. *See* Contract of Employment [155-1] at 1 (stating that Malcolm's term of employment began February 6, 2012). Second, Malcolm argues that she was entitled to employee status under Mississippi Code section 37-151-5(m). *See* Pl.'s Mem. [167] at 6. But this dilatory legal theory misreads section 37-151-5(m), which does not apply to the EEPL, codified at section 37-9-103. *See* Miss. Code Ann. § 37-151-5 (stating that definitions in this section apply only "[a]s used in

---

[3] The last two issues were raised in Malcolm's Supplemental Memorandum [169], which does not comply with various local rules and could be ignored. *See* L.U. Civ. R. 7(b)(4)–(5). Nevertheless, the arguments fail to meet the standards under Rule 60(b).

Sections 37-151-5 and 37-151-7"). Malcolm has not offered a valid basis for reconsidering the ruling that she was not an "employee" entitled to a non-renewal hearing.

Second, Malcolm asserts that Defendants' audio recordings, video depositions, and deposition transcripts precluded summary judgment. Pl.'s Mem. [167] at 7–8. And she specifically faults the Court for making credibility determinations as to this evidence. *Id.* at 7. But Malcolm fails to identify specific instances in which the Court made such determinations. Instead, she cites Magistrate Judge F. Keith Ball's finding that the Court would maintain custody over certain videotaped depositions. *Id.* at 8 (citing Order [143]); Pl.'s Supp. Mem. [169] at 10 (same). This argument fails to establish extraordinary circumstances justifying relief.

Third, Malcolm contends that the Court erred in finding that she "failed to satisfy prong four of a prima facie case." Pl.'s Mem. [167] at 8. While Malcolm mentions various claims in this portion of her present motion, the Court's only reference to the fourth prong of a prima facie case was the summary-judgment ruling on Malcolm's Title VII race claim.[4] *See* Order [164] at 11. There, the Court assumed without deciding that she *could* satisfy the fourth prong of the prima facie case, *id*. at 11–12, but dismissed the claim because Defendants met their burden of producing a legitimate non-discriminatory reason for their actions and Malcolm failed to establish pretext through competent record evidence, *id.* at 13–14. The same is true now. Extraordinary circumstances have not been shown.

The final two arguments regarding breach of contract and the cat-paw theory were raised before judgment, were excluded from Malcolm's initial memorandum, but then reappeared in her

---

[4] This Court's assumption that Malcolm is referencing her Title VII claim comports with her memorandum-section title for this argument, "DEFENDANTS REASONS FOR NON-RENEWAL OF MALCOLM'S CONTRACT ARE FALSE AND A *PRETEXT* TO DISCRIMINATION." Pl.'s Mem. [167] at 8 (emphasis added).

supplemental memorandum.  As previously footnoted, Malcolm's supplemental memorandum is not properly before the Court.  But in any event, the Court has not changed its mind on these arguments, and Malcolm has not offered a valid basis for revisiting these issues under Rule 60(b).

III.    Conclusion

The Court has considered all the parties' arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Plaintiff's Motion for Reconsideration [166] is denied.

**SO ORDERED AND ADJUDGED** this the 22nd day of November, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE